Supreme Court—Nutt v. Arbitelli.

---

WILLIAM H. NUTT, OVERSEER OF THE POOR OF TRENTON, DEFENDANT IN CERTIORARI, v. ALEXANDER ARBITELLI, PROSECUTOR IN CERTIORARI.

Submitted May 15, 1925—Decided November 19, 1925.

**Bastardy—Appeal From Order of Trial Court Adjudging Defendant Not Guilty—Appellate Court Found Defendant Guilty—Defendant Now Alleges That Appeal Cannot Legally Be Taken, and That Record Not Complete Because No Written Order of Trial Court Dismissing Complaint Was Made—Held, That Neither Ground For Writ Was Substantial, and Judgment is Affirmed.**

On *certiorari,* &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the presecutor in *certiorari, John H. Kafes.*

For the defendant in *certiorari, Joseph J. Felcone* and *Martin P. Devlin.*

PER CURIAM.

This was a bastardy proceeding instituted by William H. Nutt, overseer of the poor of the city of Trenton, against Alexander Arbitelli, wherein the defendant (the prosecutor of this writ) was charged with being the father of the bastard child likely to be born of the body of one Carmella Santasero, and likely to become a charge on the city of Trenton.

After warrant and arrest, and bail pending a hearing of the charge, the hearing came on before the judge of the police court of the city of Trenton, on April 15th, 1924, when, after hearing, the court declared orally that, in his judgment, the overseer of the poor has not sustained the burden required of him by law, and, therefore, declared that he would not make any order against defendant. Two days thereafter the overseer of the poor appealed from such decision in the following language: "I do hereby appeal to the next Court of Quarter Sessions for the county of Mercer

from the order dismissing the complaint in the above-entitled matter made on the 15th day of April, 1924, by you, as judge of the police court, in which it was adjudged that the said Alexander Arbitelli was not the reputed father of a bastard child of one Carmella Santasero."

The hearing of the appeal came on before the judge of the Mercer County Court of Quarter Sessions. Defendant's counsel thereupon moved for a dismissal of the appeal on the ground that "there was no order of the police court from which to appeal." That motion was overruled. The defendant, through counsel, then announced that he "would appeal from the court's ruling and would not put in any defense." The judge of the Court of Quarter Sessions then ordered, over objection of defendant's counsel, that the judge of the police court "be and he is hereby directed to file an order discharging the said Alexander Arbitelli, as adjudicated by the said court on April 15th, 1924, and that said order to be filed as of April 15th, 1924, *nunc pro tunc,*" and such order was filed accordingly.

The judge of the Court of Quarter Sessions thereupon found the defendant to be guilty of the charge made against him, and thereupon ordered him to pay the sum of $3 per week and the sum of $50 for expenses, and also to enter into a bond in the sum of $500 with proper sureties, conditioned for the faithful performance of the weekly payments.

The foregoing recital is taken in substance from the brief of the defendant, the prosecutor of this writ, and sets forth (so far as essential) the proceedings leading up to the last-named order, which is brought up by this writ for review.

The prosecutor argues that the Court of Quarter Sessions had no jurisdiction over the matter—(1) because the overseer of the poor had no right of appeal, and (2) because of the failure of the judge of the police court originally to make an order or finding in writing dismissing the complaint.

We think these contentions without substance.

The right of appeal in such a case as this was given to the overseer of the poor by section 12 of an act for the main-

tenance of bastard children (*Comp. Stat.*, *p.* 187), which section reads as follows:

"Any person so charged as aforesaid, or any township, that may deem himself or itself aggrieved by the finding of the magistrate or of the jury, or order of any magistrate, may, within five days thereafter, upon written notice to such magistrate, appeal therefrom to the Court of Quarter Sessions of the county wherein such trial was had, and such case may be brought to hearing before said court on ten days' notice to the other side, or as soon thereafter as said court can hear the same, and such appeal shall not operate as a stay to any order or filiation made by the magistrate before whom such case was tried."

We also think that no written order or finding by the judge of the police court dismissing the complaint was necessary, where, as here, it is conceded that such was the effect of the action of the magistrate. Section 13 of the act sets forth what papers must be forwarded to the Court of Quarter Sessions on appeal. It is as follows:

"In case of appeal the said magistrate shall send any bond, which has been taken from the person charged, to the clerk of said Court of Quarter Sessions immediately after receiving said notice of appeal, together with the order of filiation and sustenance aforesaid and all papers connected therewith."

These requirements of the statute seem to have been, in effect, observed in this case.

But if that is not so, the record was perfected for the purpose of the trial in the Court of Quarter Sessions by that court ruling the police court to perfect the record in the respect in question while the cause was pending in the appellate tribunal. That the Court of Quarter Sessions was empowered to do. *Taylor* v. *Cassidy,* 38 *N. J. L.* 437. There the court said:

"Upon compliance with all the requisites of appeal, the right to enter the appeal in the appellate court becomes complete, and that court then obtains cognizance of the entire proceedings. At that moment control of all matters

in the cause attaches to the court above. Incident to that control is the authority to order a return when none has been made, or to complete it where an imperfect return has been transmitted. The order goes, not as a prerogative writ, but as a part of the machinery for compelling justice to be done in any cause before the appellate court. * * * The proceedings under the Bastardy act, so far as relates to appeals, are analogous to those under the Justices' act. In this respect the Common Pleas and Quarter Sessions are of equal dignity as courts of record. There is no reason why the same power should not be lodged in each as courts of appeal, and that both should not have the authority incident to the superior courts of appeal, to rule the courts below to forward and perfect the record of the causes pending in the appellate tribunal. There is no doubt of the power of this court to issue the prerogative writ to an inferior court to transmit papers."

We believe that these observations, in effect, dispose of every question properly raised and argued.

The proceedings and order brought up for review will be affirmed, with costs.