JAMES H. DONNELLY, OVERSEER OF THE POOR, PROSE-
CUTOR, v. PASSAIC COUNTY COURT OF QUARTER SES-
SIONS AND BERNARD FRIEND, RESPONDENTS.

Submitted October 14, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Ward & McGinnis.*

For the respondents, *Feder & Rinzler.*

PER CURIAM.

This case is before this court on a writ of *certiorari* directed
to the judge of the Court of Quarter Sessions in and for the
county of Passaic. The writ brings up for review a proceeding
under the Bastardy act instituted by the overseer of the poor
of the city of Passaic against one Bernard Friend. The said
overseer of the poor entered a complaint in the police court
of the city of Passaic against Bernard Friend, charging him
with being the putative father of a child born to Justin
Szvetior, a single woman. Upon the filing of this complaint
a warrant was issued. A trial was had before the police
court. The court found in favor of the defendant. The over-
seer of the poor then appealed the case to the Court of
Quarter Sessions in and for the county of Passaic. The
case came on for hearing. At the opening of the trial a

motion was made by counsel for the defendant to dismiss the proceedings upon the ground that the complaint and warrant were defective. The court, as the state of the case shows, reserved decision on this motion and proceeded to hear the testimony. At the conclusion of the evidence the attorney for the defendant then renewed the motion made at the opening and further moved for acquittal on the evidence. The state of the case then states as follows: "The evidence and argument of counsel being closed the court, after mature deliberation thereon, says it finds for the defendant."

The state of the case as presented to this court contains the deposition of Louis A. Cowley, the attorney representing the overseer of the poor, taken since the allowance of the writ of *certiorari*. Mr. Cowley testifies that the appeal was dismissed upon the ground that the jurisdictional fact as held by the court that the appellant was likely to become a charge upon the city of Passaic was not established. This testimony contradicts the record in the case as returned by the clerk of the court. The argument made in behalf of the prosecutor of the writ is that the determination of the overseer of the poor that the child of Justin Szvetior would be likely to become a charge upon the municipality is one that rests solely within the determination of the overseer of the poor and is not a matter that can be considered by the court. If we thought this question was presented by the record before us we would, we think, be in accord with the argument of the prosecutor, but as the record of the case discloses that the judge after mature deliberation found for the defendant it is useless to consider and decide the question raised. The only construction we can place on the record as it is submitted to us is that the trial judge found on the evidence submitted that the defendant was not the putative father of the child. The testimony taken on this branch of the case is not included in the record, but if it were we would have no right to decide the question of paternity. The weight of evidence is not reviewable by *certiorari*. *Ruff* v. *Kebler*, 62 *N. J. L.* 186.

The judgment of the Court of Quarter Sessions in and for the county of Passaic is affirmed, with costs.