HENRY MATERA, ASSIGNEE OF JAMES M. FAWCETT, PLAINTIFF, v. BRUNO RICHARD HAUPTMANN, DEFENDANT.

Decided June 18, 1935.

For the plaintiff, *William George*.

For the defendant, *George E. Cutley* and *Egbert Rosecrans*.

BROWN, S. C. C. The above entitled suit is brought to recover the sum of $4,221.57 on a judgment obtained by the plaintiff's assignor in the Supreme Court of the State of New York against the defendant Hauptmann. The answer filed contains a general denial and several separate defenses. The plaintiff moves to strike the answer and defenses on the ground that they are sham. In support of the motion the plaintiff presents an exemplified copy of a judgment filed in the New York court in favor of the plaintiff's assignor for the sum above stated and an affidavit by Fawcett setting forth

in some detail the proceedings leading up to the entry of judgment. The defendant's proof on this motion is contained in his affidavit in which he denies that he was ever served with process and that he did not appear in person or authorize any one to appear for him in the New York proceedings. In the first separate defense of the answer the defendant alleges that he was not summoned; did not appear and was not within the jurisdiction of the New York court at any time during the proceedings in that court which resulted in a judgment being entered against him. In the second defense the defendant alleges he did not appear in person in the New York suit nor did he authorize any person or attorney to appear for him. The third defense is to the effect that the New York court was without jurisdiction of a subject-matter upon which a money judgment could be based as the court was limited by the issues presented in the "title of the action" and a money judgment could not lawfully be entered on the issues presented. The fourth defense alleges that the assignor is without power to enforce any judgment and that his appointment of the plaintiff as assignee was fraudulent. Article IV, section 1, of the constitution of the United States provides in part that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. Section 16 of the Evidence act of the State of New Jersey (*Pamph. L.* 1900, *p.* 366; 2 *Comp. Stat., p.* 2225), provides:

"If any suit upon a foreign judgment, or a judgment of any court out of this state, the defendant, or person sought to be affected by such judgment, may show that the defendant therein was not summoned, did not appear, or was not within the jurisdiction of such foreign court, notwithstanding it may be recited in the record of such proceedings that he was summoned or did appear, or was within the jurisdiction of such court; and such recital shall not conclude said defendant, or estop him from proving that the same is not true."

Article IV, section 1, of the constitution of the United States should be read and considered in connection with section 1 of the fourteenth amendment to the constitution of the United States which provides in part that no state shall make

or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. Article IV of the constitution of the United States does not preclude inquiry into the jurisdiction of the court in which a judgment is rendered, or into the facts necessary to obtain such jurisdiction. *Simmons* v. *Saul,* 138 *U. S.* 448. When properly pleaded and proved, judgments of other states have the effect of being not merely *prima facie* evidence, but conclusive proof, of the rights thereby adjudicated unless impugned for want of jurisdiction of person or subject-matter. *Huntington* v. *Attrill,* 146 *Id.* 657. Article IV of the constitution of the United States applies to the records and proceedings of the courts only so far as they have jurisdiction. Wherever they want jurisdiction the records are not entitled to credit. *Board of Public Works* v. *Columbia College,* 84 *Id.* 521; 21 *L. Ed.* 687. The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction, and, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist; that want of jurisdiction may be shown either as to the subject-matter or the person. *Pembleton* v. *Illinois Commercial Men's Association,* 124 *N. E. Rep.* 355; *German Savings, &c., Society* v. *Dormilzer,* 192 *U. S.* 125; *Brown* v. *Fletcher,* 210 *Id.* 82.

By an act of congress, *R. S.,* § 905, it is enacted that:

"The acts of the legislature of any State or Territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such state, Territory, or country affixed thereto. The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenti-

cated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

In the affidavit of the assignor, James M. Fawcett, he deposes and says that an action was brought by the defendant, Bruno Richard Hauptmann, in the jurisdiction of the New York Supreme Court, in Kings county by a verified petition dated December 19th, 1934. The action was entitled "Supreme Court: Kings County. In the Matter of the Petition of Bruno Richard Hauptmann for an order directing James M. Fawcett, an attorney and counselor-at-law, to turn over all the files and papers in his matters to his new attorney Edward J. Reilly."

A copy of the defendant's petition in that suit is annexed to the affidavit. The petition alleges that the defendant was confined in the Hunterdon county jail in the State of New Jersey, awaiting trial upon an indictment charging him with the crime of murder. On the 21st day of September, 1934, through his wife, the defendant had retained the assignor, James M. Fawcett, as his counsel to defend him in connection with charges then pending in the State of New York against the defendant; that Fawcett continued to represent him until the 2d day of November, 1934, when he discharged the latter and retained the services of one Edward J. Reilly, but although demand was made for exhibits and other writings which were in the possession of Fawcett and essential for the defense on the New Jersey indictment Fawcett refused to turn over the papers claiming that he had a lien thereon for services rendered. The petition prays that an order issue directing Fawcett to turn over the exhibits and papers to Reilly and "for such other relief as to the court may seem just and proper in the premises." This petition is alleged to have been signed by the defendant, Hauptmann, and also contains an alleged verification by the same person of the contents of the petition. Fawcett further alleges in his affidavit that he filed a reply to the petition of Hauptmann in the New York court in which Fawcett claimed a lien on all the files and papers in his possession belonging to Hauptmann. Testimony was taken as to the amount of Fawcett's lien

before a justice of the Supreme Court of the State of New York and at that hearing Reilly appeared for Hauptmann as attorney in support of the application of Hauptmann. Evidence was submitted by both sides at the hearing and the court made its findings and conclusions of law on December 21st, 1934, to the effect that Fawcett had a lien on the papers for unpaid legal services and disbursements and the same was fixed in the sum of $4,221.57 and it was further ordered that Fawcett retain all the papers and exhibits belonging to Hauptmann until the lien was fully satisfied or in the alternative that the petitioner properly indemnify the deponent by furnishing proper and adequate security to satisfy the lien. On this decision a judgment was entered in favor of the deponent against the petitioner therein in the sum of $4,221.57 by the clerk of the county of Kings in the State of New York, who is also the clerk of the Supreme Court in Kings county. The affidavit of Fawcett also alleges that Reilly took an appeal to the Appellate Division of the New York Supreme Court from the decision and that the Appellate Division authorized Fawcett "to turn over to said Edward J. Reilly, as attorney for the said petitioner therein, Bruno Richard Hauptmann, all the files and papers in the matters of Bruno Richard Hauptmann, which files and papers were delivered to Edward J. Reilly as attorney for said petitioner, Bruno Richard Hauptmann." A copy of a rule to show cause on the alleged petition of Hauptmann, for an order directing Fawcett to turn over papers to Reilly is annexed to Fawcett's affidavit and it directs Fawcett to show cause before the New York Supreme Court in Kings county, on a day stated; "why all the papers and exhibits in the possession of Fawcett effecting the defense of Hauptmann should not be turned over to Reilly and for such other and further relief as to the court may seem just and proper." The only part of the record of the proceedings in New York which has been exemplified as required by the act of congress, is an order for judgment entitled in the same court and in the same manner as the petition alleged to have been filed by Hauptmann for the return of papers from Fawcett to Reilly. The order for judgment is not signed by the presiding justice and recites

that it is entered on the motion of the attorney for Fawcett. It is signed by the clerk of the court and the exemplification is certified to by the presiding justice of the Supreme Court of the State of New York.

The defendant in his affidavit on the motion to strike says that at no time did he engage Edward J. Reilly to institute any proceedings against James M. Fawcett, or any proceeding in New York State by which the said Reilly sought to recover certain documents or certain papers which the said James M. Fawcett had in his possession. The deponent never had any discussion with Reilly about any such action, never knew such action was brought and did not know the nature of the action or when it was started nor anything whatever about it. The defendant in his affidavit further states that Reilly acted "absolutely without the authority of this deponent and without the knowledge of this deponent. No papers were ever served upon him in connection with said cause until he was served with a complaint and summons in the suit brought against him in this state, that he never submitted himself to the jurisdiction of the New York courts in the Fawcett proceedings." Three questions are to be considered in order to decide the motion presented. Can the defendant deny and disavow the authority of Reilly to appear for the defendant as attorney in the proceedings of the New York Supreme Court? Can the defendant question the jurisdiction at this time, of the New York court and did the New York court have jurisdiction to enter a money judgment against Hauptmann?

Notwithstanding the strong presumption that attaches to a judgment entered in a court of a sister state by direction of article IV of the constitution of the United States, to give full faith and credit to such proceedings, the defendant has the right under the fourteenth amendment of the constitution of the United States not to be deprived of his liberty or property without due process of law. The affidavit of Hauptmann in regard to the retention of Reilly as an attorney denies that Reilly was ever authorized to appear for him. On a motion of this kind the courts of the State of New Jersey have jurisdiction to inquire into these disputed questions of fact. *Price*

v. *Ward et al.*, 25 *N. J. L.* 225; *Nichols* v. *Nichols*, 25 *N. J. Eq.* 60. When to decide a question whether a plea is false or sham it becomes necessary to take testimony to enable the court to determine the relative merits of the controversy or the justice or injustice of the defense the defendant's constitutional right to a jury trial requires that the motion to deprive him of his defense be denied. *Muhlenback* v. *West Hoboken*, 2 *N. J. Mis. R.* 7. The disputed question of fact whether Hauptmann authorized Reilly to appear for him in the New York proceeding involving the papers in possession of Fawcett will be left to the jury for determination. The question of the jurisdiction of a court in a sister state is always a proper subject of inquiry where an attempt is made to bring suit in this state on a judgment obtained in the sister state. If a jury should determine that Hauptmann did not sign the petition that was presented in the New York proceedings and that Reilly was without authority to appear for him and that the defendant knew nothing of the proceeding and took no part therein then the New York courts would be without jurisdiction to proceed to give judgment in favor of Fawcett against Hauptmann. This question then becomes a proper question for determination at the trial of this cause in this state. Though there is a general presumption in favor of the regularity and validity of judgments of the courts of sister states. Notwithstanding this presumption upon suit being brought in this state on a judgment obtained in another state if the proof presented on a motion, of the kind now being considered, indicates that the judgment was not within the issues framed in the proceedings in the sister state the matter should be held for determination at the trial of the cause. None of the parties in this case have brought to the court's attention any statutory law in the State of New York that permits or allows a money judgment to be entered as was done in the Fawcett case in the proceedings in the State of New York. All that appears according to the proof presented is a petition by Hauptmann in which he seeks to recover papers from Fawcett and a determination that Fawcett has a lien on the papers and upon appeal a direction that the papers be returned to Hauptmann. Some time after this

adjudication there appears the entry of a money judgment against Hauptmann. The proof presented in this court indicates that such judgment was not within the issue framed by the petition and the reply thereto. If this is a correct conclusion the courts of the State of New Jersey would have the right to hear the defendant's defenses notwithstanding the judgment entered against him in the State of New York. *Mundy* v. *Vail,* 34 *N. J. L.* 422; *Reynolds* v. *Stockton,* 43 *N. J. Eq.* 211; 10 *Atl. Rep.* 385; *affirmed,* 140 *U. S.* 254. A different situation might be presented on this point if there was an enabling statute in the State of New York permitting a money judgment to be found and filed. The proof presented does not disclose a law of this kind in existence or that the New York court acted on such a law. As the case is presented on this motion it appears that a personal judgment was ordered entered on a proceeding wherein papers and exhibits were sought to be recovered. Regardless of the correctness of this conclusion, the motion in this case being in the nature of a general demurrer there appears sufficient reasons in law to deny the motion to strike and an order may be entered accordingly.