WARREN COUNTY COURT OF QUARTER SESSIONS.

P. R. THATCHER, DIRECTOR OF WELFARE OF THE COUNTY OF WARREN, AND MARY G. BAILEY, APPELLANTS, v. LEON W. HACKETT, DEFENDANT-APPELLEE.

Decided September 14, 1938.

For the appellants, *Robert B. Meyner*.

For the appellee, *Saul N. Schechter*.

ROSECRANS, C. P. J. (Orally.) This is an appeal purporting to have been taken by the director of welfare from the finding of a magistrate sitting with a jury in a bastardy case under the statute. *Rev. Stat.* (1937), 9:17-1, &c. The defendant moves (1) to set aside the appearance entered by the director of welfare and dismiss the appeal on the ground that it was made by an attorney acting without authority and in this motion he is joined by the director of welfare; and (2) to dismiss the appeal because the record is barren of any finding by the jury, any order of discharge by the magistrate or any final judgment below.

The director of welfare was sworn and cross-examined and other oral testimony was taken in open court without objection in support of the first motion. In passing it may be

observed that such motion is in the nature of a plea and when a motion must be supported by facts extrinsic the record the established practice at law is to take depositions in response to a rule—in Chancery by *ex parte* affidavits. *Baldwin* v. *Flagg*, 43 *N. J. L.* 495. The court may, however, direct otherwise.

There are two notices of appeal, one by the director of welfare and the other by Mary G. Bailey. Appearances for both were entered by the same attorney. The director of welfare testified that he did not authorize this attorney nor anyone else to take the appeal for him; that the attorney neither represented him nor the mother before the magistrate and that he never determined that the municipality was aggrieved by the decision below; that by reason of the evidence before the magistrate his opinion was changed as to the likelihood of the child becoming a public charge. He stated that he never ratified the act of the attorney in taking the appeal for him and objected when he learned of the fact. His legal representative was and is the county counsel. The appellant's attorney testified that he filed the notice of appeal in the name of the director of welfare prior to receiving authority from him but that in a subsequent telephone conversation with the officer his act was ratified.

Under the Bastardy act the proceedings are civil in nature (*Montclair* v. *Eason*, 92 *N. J. L.* 199; 140 *Atl. Rep.* 291) although strangely the statutory appeal is committed to the Quarter Sessions, a superior court of general jurisdiction in criminal matters. Under the modern rule long recognized in this state, courts may inquire into the authority of an attorney to appear for a party. *Matera* v. *Hauptmann*, 13 *N. J. Mis. R.* 483, 488; 179 *Atl. Rep.* 626. The authorities enunciating various phases of that rule are succinctly set forth in a recent opinion by Vice-Chancellor Berry in *Lafetra* v. *Beveridge*, 124 *N. J. Eq.* 184; 1 *Atl. Rep.* (*2d*) 68. A party plaintiff or the prosecutor of an appeal, as well as a defendant, may attack an unauthorized appearance entered for him. *Anderson* v. *Crawford*, 94 *S. E. Rep.* 574; *L. R. A.* 1918B 894.

An appeal under the statute may be taken by "the reputed father * * * or any municipality aggrieved * * *." *Rev. Stat.* 9 :17-20. The director of welfare acts for the municipality in taking an appeal but he stands in a somewhat different position from an ordinary suitor for it is solely within his discretion to determine for the municipality whether it is aggrieved. *Donnelly* v. *Passaic,* 6 *N. J. Mis. R.* 247; 140 *Atl. Rep.* 561; *Finnhandler* v. *Watts,* 7 *N. J. Mis. R.* 889; 148 *Atl. Rep.* 880. In reaching such conclusion he may determine if anything has changed his previous opinion that the child is likely to become chargeable to the municipality.

The facts indubitably lead to the conclusion that the appearance for the director of welfare was entered without his authority. It is set aside and the notice of appeal is therefore a nullity. The result should in nowise be taken as any reflection upon the good faith of the attorney. There was a misunderstanding.

The court is without jurisdiction to entertain the individual appeal of the mother. It has been clearly pointed out by our Court of Errors and Appeals in an opinion by Judge (now Vice-Chancellor) Kays that the only proper parties to a bastardy proceeding are the municipality and the putative father. *Kaufman* v. *Smathers,* 111 *N. J. L.* 52; 166 *Atl. Rep.* 453. On behalf of the mother it is contended that under section 3 of *Rev. Stat.* 9 :16-1, &c., she has equal authority with the director of welfare to take an appeal. That argument is without substance, if for no other reason than that the original proceedings were not maintained under that act.

Determination of the second motion becomes unnecessary. It may be controlled by the reasoning in *Nutt* v. *Arbitelli,* 3 *N. J. Mis. R.* 1194; 131 *Atl. Rep.* 64.

The appeals are dismissed, but without costs.