[Civ. No. 17023.   Second Dist., Div. One.   Dec. 7, 1949.]

GEORGETTE JEANNE CUSHING, Respondent, v. HARRY COOK CUSHING, Appellant.

Oscar Richard Cummins for Appellant.

Judd Downing for Respondent.

WHITE, P. J.—This is an appeal by defendant from an order denying his motion, made under section 473 of the Code of Civil Procedure, to set aside an order, entered in a divorce action, directing him to pay $5,000 to his wife's attorney as attorney's fees pendent lite.

The order for payment of attorney's fees was made at the hearing of an order to show cause on May 3, 1948, and was entered on the minutes of the court on May 12, 1948. Defendant was present with his counsel when the order was announced. No appeal was taken. On July 30, 1948, a writ of execution was issued and returned unsatisfied. On September 8, 1948, an order for appearance of judgment debtor was issued requiring the appearance of defendant on September 22, 1948. On September 21, 1948, defendant through his counsel filed a notice of motion to vacate the order awarding counsel fees. This motion was heard and denied on September 28, 1948, by Judge Elmer D. Doyle. On October 22, 1948, defendant filed a motion to set aside the order upon the grounds of "mistake, inadvertence, surprise and excusable neglect on the part of defendant and his counsel." This motion was denied by Judge William S. Baird on October 29, 1948. It is from the denial of this motion that the present appeal is prosecuted.

Appellant's points on appeal, summarized, are that the facts justified granting relief on the ground of mistake, inadvertence, surprise and excusable neglect; that appellant acted diligently under the circumstances; that he had a good

defense on the merits, and counsel for respondent would receive an "unearned increment" if the order be not set aside; and as a consequence, the lower court abused its discretion in denying the motion.

In her affidavit for an order to show cause the wife stated that her husband's net worth was in excess of $1,500,000 and his monthly income in excess of $7,500. The husband alleged in his "husband's questionnaire" that his net worth was "nothing"; that his income for the previous year was $20,000 and was abnormally high" through receipt of dividends due to the "hanging over of war production." At the time the court made its order for payment of the attorney's fee, it was stipulated that no default judgment would be taken against the husband during the pendency of negotiations for a property settlement agreement. These negotiations failed.

In his affidavit in support of his motion under section 473 of the Code of Civil Procedure, defendant husband stated, in part as follows:

"That it was the understanding of affiant that the said sum was awarded for future services for prosecution of a divorce action of plaintiff against defendant.

"That since that time, plaintiff and defendant have become reconciled and plaintiff has condoned former acts of defendant, and that plaintiff has informed defendant that plaintiff has instructed her attorney to dismiss the divorce action now pending between the parties. That plaintiff informed defendant that she had so instructed her attorney prior to the time that the judgment for attorney's fees pendente lite became final.

"That as a result thereof, no further services will be required to be performed by plaintiff's attorney, except to file a dismissal, . . . .

"That affiant is informed that the judgment awarding plaintiff's attorney fees pendente lite, has become final. That affiant did not know that plaintiff's counsel could secure a judgment for fees for future services even though the said services were not to be performed, and failed to notify his counsel of the reconciliation between himself and the plaintiff, and of her instructions to her attorney to dismiss the divorce action. . . . ."

One of the attorneys for defendant also made a supporting affidavit, wherein he stated that he was recently informed that there had been a reconciliation, but that this was not until

long after the judgment awarding attorney fees had become final.

In opposition to the motion Mr. Downing, the wife's attorney, filed an affidavit, in which he set forth the following facts:

That after the making of the order for payment of fees, it was stipulated that no default would be taken against the husband during the pendency of negotiations for a property settlement. These negotiations continued into the month of July, 1948, and consisted of numerous telephone conversations and conferences with appellant's attorneys. In the process of these negotiations, respondent's attorney prepared and submitted to appellant's attorneys for signature two separate and complete property settlement agreements. The last agreement, which was drawn in accordance with the desires of both parties and their attorneys, was submitted on or about June 20, 1948, to appellant's attorneys. On numerous occasions subsequent to that date, respondent's attorney attempted to ascertain when said agreement would be signed by appellant, but was unable to contact appellant's attorneys by phone. Finally on the 14th day of July, 1948, more than 60 days having elapsed since the order for payment of attorney's fees was made, respondent's attorney wrote to appellant's attorneys, advising them that unless payment were made in two days an order to show cause would be issued. Throughout this period the wife was insistent that the divorce be proceeded with. On July 30, 1948, respondent's attorney secured the issuance of a writ of execution and caused the same to be served upon various parties, including one of appellant's attorneys. The writ was returned unsatisfied.

About August 1, 1948, the wife informed Attorney Downing that she was undecided about continuing the divorce action, that she might desire to bring an action in Nevada or in her state of previous residence, Michigan. Attorney Downing stated that he would hold the matter in abeyance until he received further instructions.

On September 8, 1948, Attorney Downing secured an order for the appearance of appellant as a judgment debtor, the order being returnable on September 22. On September 21 appellant's attorneys filed a notice of motion to vacate the order for attorney's fees and secured a continuance of the hearing on the judgment debtor proceedings. The motion to vacate was denied on September 28, appellant was examined

as a judgment debtor on October 20, and an order to show cause in re contempt was served on him returnable November 17.

On October 20, 1948, Attorney Downing received in the mail a letter from the wife requesting him to dismiss the action. This letter was not dated, but was delivered in an envelope postmarked New York City, October 18. On October 22, Attorney Downing forwarded to the wife a letter inclosing two copies of a request for dismissal of the action for her signature. This letter was returned unopened and undelivered on November 6. On November 8, Attorney Downing learned that Mrs. Cushing was in Paris, France. He forwarded the dismissals to her in Paris, received them back, executed, on December 3, and thereupon filed them.

The motion here under consideration was filed October 22, 1948.

At the outset, it should be noted that we are not here concerned with the merits of the original order awarding attorney's fees, inasmuch as no appeal was taken therefrom. Nor is there before us the question of whether the order should have been modified—that is, reduced to an amount supposedly commensurate with the services actually rendered. The sole question presented is whether the superior court abused its discretion in denying a motion to set aside the judgment entered against appellant as a result of the foregoing order entered May 18, 1948, awarding attorney's fees pendente lite, on the ground that the order was taken against appellant by reason of "mistake, inadvertence, surprise or excusable neglect" on the part of appellant or his counsel. It must be held that no such abuse of discretion is shown.

An order granting or denying relief under section 473 of the Code of Civil Procedure will not be set aside on appeal unless an abuse of discretion clearly appears. As is said in *Hecq* v. *Conner*, 203 Cal. 504, 509, 510 [265 P. 180]: "It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character. 'The law governing this class of cases is so well settled and has been so often declared in the decisions of this court, that we may dispense with the citations of authorities. An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears.' . . . (Citations.) . . . 'The rule is

equally applicable whether the motion is granted or refused, . . . All presumptions will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that its discretion was abused in making the order.' (*Moore* v. *Thompson,* 138 Cal. 23, 26 [70 P. 930, 932]."

While it is true that because of the remedial character of section 473 of the Code of Civil Procedure and the policy of applying it liberally to the end that an opportunity to present a substantial defense may be afforded, courts will listen more readily to an appeal from an order denying relief than to one granting the same, nevertheless, there has been no relaxation of or departure from the cardinal rule that in either event there must be shown a clear abuse of discretion before an appellate tribunal will disturb the order. ▆ And as heretofore noted, the burden of showing such abuse of discretion rests on appellant.

▆ The trial court here was justified in concluding that the showing made by appellant was insufficient. The order requiring appellant to pay attorney fees and costs within sixty days was announced in open court in the presence of appellant and his counsel, on May 3, 1948. Except to ignore the order and the directions therein contained, both appellant and his counsel, for a period of nearly six months after the entry of the order, did nothing and raised no claim that it was taken against them through mistake, surprise or excusable neglect. Their failure to take any action during this long period is a circumstance that must necessarily weigh heavily against them in their proceeding under section 473 of the Code of Civil Procedure. Upon this appeal we must give full credence to the affidavit in opposition to the motion, from which it appears that negotiations for a property settlement continued into the month of July; that about August 1 the wife informed the attorney that she was undecided about continuing the action and might bring suit in Nevada or Michigan, whereupon her attorney stated that he would hold the matter in abeyance. It was not until October 20 that he received a letter from the wife, postmarked New York, requesting him to dismiss the action. The affidavit of appellant does not state when the alleged reconciliation took place, but merely that it was "since" the order for attorney fees was made. No attempt was made by affidavit to show that Attorney Downing had not actually rendered any services, nor was it stated what services he had rendered, nor was there any contradiction of his affidavit show-

ing the extent of services rendered in connection with the negotiations for a property settlement.

Appellant stated in his affidavit that his wife told him she had instructed her attorney to dismiss the action "prior to the time that the judgment for attorney's fees pendente lite became final." This was contradicted by the affidavit of the wife's attorney, who stated that the first intimation of a reconciliation came when he received the letter postmarked October 18. Although appellant stated that he "did not know that plaintiff's counsel could secure a judgment for fees for future services even though the said services were not to be performed, and failed to notify his counsel of the reconciliation . . .," appellant does not deny that he heard and understood the terms of the original order which required payment within 60 days after May 3, 1948. During that period, as heretofore noted, nothing was done toward payment and, according to the affidavit of the wife's attorney, at the end of that time there was no indication of a reconciliation.

It is to be remembered that all that this court and the superior court have before it are the affidavits in support of the motion and the counteraffidavit of Attorney Downing. It is suggested in the briefs on appeal that the delay of appellant in advising his counsel of the reconciliation was excusable because he was in New York and away from his California counsel a great part of the time. No showing to that effect was made. It is further suggested by appellant that it is contrary to the ends of justice to punish him for doing the very thing society favors, accomplishing a reconciliation. However, the suggestion is answered in respondent's brief by the undenied statement that pending this appeal appellant filed another divorce action in the superior court and respondent wife had secured a Mexican divorce. Moreover, it appears that in November, 1948, respondent wife was in Paris and appellant in California. In her letter of October 18 the wife asserted to her attorney that she had frequently informed him of her wish to discontinue the divorce action, yet the attorney averred that this was the first intimation he had to that effect. No earlier written communications by the wife to her attorney were disclosed.

We do not wish to be understood as holding that in all cases wherein a reconciliation is effected the court is without power to modify its orders in re attorney fees pendente lite or to grant relief under section 473 of the Code of Civil Procedure, which would, in proper cases, enable the court to modify such

orders. What we here hold is that appellant in the instant case has not met the burden cast upon him to make a clear and convincing showing of abuse of discretion by the trial court.

From a review of the entire record in the instant proceeding, we do not find any substantial showing that the judgment or order from which appellant seeks to be relieved was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable caution could not have prevented, or a neglect which reasonable prudence could not have anticipated. We cannot, therefore, disturb the action of the court below.

For the foregoing reasons, the order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.