[Civ. No. 9412. Third Dist. Nov. 13, 1958.]

CLIFFORD HAYNES et al., Appellants, v. JOHN GEORGE BUCKLEY, SR., as Administrator, etc., Respondent.

Robert E. Laughlin for Appellants.

Tebbe & Correia and M. H. Messner for Respondent.

SCHOTTKY, J.—Plaintiffs above named commenced an action against defendant for injuries sustained to person and property as a result of an automobile collision between an automobile belonging to Clovys M. Stevenson, which was being driven by Clifford Haynes, and an automobile driven by Edna T. Buckley.

The case was tried by the court sitting without a jury. The court rendered judgment denying plaintiffs any damages, and plaintiffs have appealed from the judgment, their principal contention being that the evidence is insufficient to sustain the judgment.

The trial court found in part as follows: "That it is true that on or about the 23rd day of August, 1955, at the hour of approximately 7:50 o'clock a. m. of said day, plaintiff, Clifford Haynes, was driving and operating a 1955 Chevrolet four-door sedan bearing 1955 California license No. Y617720, and owned by plaintiff, Clovys M. Stevenson, in a general southerly direction on and along said US 99 Access Road approximately two-tenths of a mile north of Bear Creek Road in said County of Shasta, State of California, and that at said time and place he failed to use due or any care in the operation of his said vehicle and was negligent and that such negligence proximately caused and proximately contributed to the injuries sustained by plaintiff, Clifford Haynes, and to the aforesaid vehicle; that it is true that at said time and place one Edna Buckley was driving a 1950 Oldsmobile coupé automobile in a northerly direction on and along said US 99 Access Road; that said Edna Buckley so negligently, recklessly and carelessly drove, managed and operated her said Oldsmobile automobile that concurring with the negligence of plaintiff, Clifford Haynes, the same was caused to collide and it did collide headon with the Chevrolet automobile then and there being driven by Clifford Haynes, with great force and violence, and that said Chevrolet automobile was wrecked and broken and depreciated thereby. That it is true that said collision and the results thereof, as herein set forth, were proximately caused by and were the direct result of the con-

curring carelessness, recklessness and negligence of said Edna Buckley and plaintiff Clifford Haynes, in and about the operation of the said automobiles as herein found; . . .''

■ It is, of course, well settled that when an appeal is directed to the sufficiency of the evidence the rule is as stated in *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183], as follows:

''In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. ■ It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. ■ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.''

■ As said in *Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140, 142 [134 P. 1157]:

''. . . [I]n examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. Every substantial conflict in the testimony is, under the rule which has always prevailed in this court, to be resolved in favor of the finding.'' (See also Fed. Rule 52; 2 B. & H. 807, 831; 2 Stanf.L.Rev. 784.)

The record shows that the accident occurred on a two lane road running north and south near Pine Grove in Shasta County. The road is surfaced with blacktop and is about 23 feet wide. At 7:40 a. m., on August 23, 1955, Clifford Haynes was driving a 1955 Chevrolet sedan belonging to his sister, Clovys M. Stevenson, in a southerly direction on the road. At the same time Edna Buckley was driving a 1950 Oldsmobile on the same road in a northerly direction. At the crest of a hill, at which point neither driver would.be able to see a car approaching in the other direction, the vehicles collided. There were no eyewitnesses to the accident, other than the drivers of the two vehicles, and because Mrs. Buckley was killed in the accident Haynes was precluded from testifying as to the facts surrounding the accident. A highway patrol

officer, who arrived at the scene shortly after the accident occurred, testified that the only evidence of the course of either car prior to the accident consisted of tire marks. Those of the car driven by Haynes were parallel with the road and were 36 feet long. The Buckley car left one mark 15 feet long and a trace of another. These tire marks angled perceptibly east from a point some 5 feet west of the center of the road. At the time of the collision there was not any painted line on the road, but almost immediately thereafter one was painted. The following appears in the highway patrol officer's testimony: "Q. Can you tell us when the cars came to—as you found the automobiles, can you tell us how far over the center line the left front wheel of the Buckley automobile was? A. Approximately five foot to the left of the center line or what would be the center line had it been there. Q. And can you tell us how far over the center line the left front wheel of the Haynes car was? A. Between a foot and a foot and a half. It was an approximation, something like that (indicating)."

Appellants contend that the evidence is insufficient to sustain the finding that appellant Haynes was negligent. ■ However, section 530 of the Vehicle Code provides that no vehicle shall be driven on the left side of the roadway when approaching the crest of a grade where another vehicle might approach from the opposite direction. A violation of this section is prima facie evidence of negligence. Whether or not appellant Haynes was guilty of negligence was a question of fact to be determined by the court.

■ Appellants contend further that the finding of the trial court that the negligence of appellant Haynes "proximately caused and proximately contributed to" the collision is not supported by the evidence. Appellants argue that under the factual situation in the instant case the accident would have happened even if appellant's automobile had been entirely on its own side of the road, and that therefore the evidence does not sustain a finding of contributory negligence. But the question of whether appellant Haynes was guilty of contributory negligence was a question of fact for the trial court to determine, and the trial court determined it adversely to appellants. There is no doubt that if the court had rendered judgment in favor of appellants the evidence would support such a judgment, but we cannot agree with appellants that the judgment in favor of respondent is without support in the record. The trial court heard the evidence, and also, by stipu-

lation of counsel, viewed the scene of the accident; and while the court might well have rendered judgment in favor of appellants, bearing in mind the limitations upon the power of an appellate court, we cannot say that the evidence, and the inferences which the trial court was entitled to draw therefrom, do not support the finding that appellant Haynes was guilty of contributory negligence which proximately caused and contributed to the accident.

Appellants have cited a number of cases in support of their contention, but a reading of them shows that they are all cases in which the trial court found as a matter of law that certain conduct was, or was not, a proximate cause of the injury complained of. These cases merely enunciated the well-settled rule that proximate cause can be determined as a matter of law only when there is no room for a difference of opinion in the light of undisputed evidence. In the instant case the trial court found as a fact that appellant Haynes was guilty of contributory negligence that proximately caused and contributed to the accident.

 Appellants in their brief have quoted from the memorandum opinion of the trial court and refer to some of the statements therein as findings of the trial court. However, the only findings of the trial court are the findings of fact and conclusions of law signed and filed as such. The memorandum opinion cannot be used to contradict the findings or judgment, or to challenge otherwise sufficient findings and conclusions of the court. (*DeCou* v. *Howell,* 190 Cal. 741 [214 P. 444] ; *Diaz* v. *Schultz,* 81 Cal.App.2d 328 [183 P.2d 717].)

 Appellant Haynes contends also that he was denied the presumption of due care, which presumption under the statute was afforded respondent's decedent. Said appellant's position is that because he was silenced by the "Dead Man's Statute" (Code Civ. Proc., § 1880) he should be extended the same presumption as the deceased person or one who could not testify to facts because an injury left him with no memory of the events. However, the instant case was tried by the court without a jury, and we may properly assume that the court in its deliberations gave each of the parties the benefit of the presumptions to which they were entitled under the law.

The judgment is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

_____

*Assigned by Chairman of Judicial Council.