[Sac. No. 1475. In Bank.—July 26, 1906.]

In the Matter of the Estate of JANE DAVIS, Deceased. R. D. CHITTENDEN, Public Administrator of Fresno County, Appellant, v. T. M. DUNGAN, Public Administrator of Tulare County, Respondent.

ESTATES OF DECEASED PERSONS — NON-RESIDENT DECEDENT — CONTEST BETWEEN PUBLIC ADMINISTRATORS — PRIORITY OF PETITION. — The county in which a petition is first filed, where property of a non-resident decedent in this state is to be administered upon, has exclusive jurisdiction over all property of such decedent in this state, wherever situated; and where a public administrator of one county first filed his petition for administration in this state, a public administrator of another county, though first appointed upon a subsequent petition, has no standing to contest the granting of letters under the petition first filed in the county of such petitioner.

APPEAL from an order of the Superior Court of Tulare County appointing the public administrator therein to administer in this state upon the property of a non-resident decedent. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, M. F. McCormick, Truman & Oliver, and Bishop, Wheeler & Hoefler, for Appellant.

Carter P. Pomeroy, Hannah & Miller, Herman O. Miller, and Frank H. Short, for Respondent.

The jurisdiction was exclusive in Tulare County where respondent first filed his petition. (Code Civ. Proc., sec. 1295; *Dungan* v. *Superior Court, ante,* p. 98, 84 Pac. 767; *Estate of Damke,* 133 Cal. 433, 65 Pac. 889; *In re Griffith,* 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; *Chow* v. *Brockway,* 21 Or. 448, 28 Pac. 384; *Estate of Scott,* 15 Cal. 220; *Territory* v. *Klee,* 1 Wash. St. 183, 23 Pac. 417; *Estate of Worthington,* 4 Ohio Dec. 381; Woerner on Administration, 139, 570.)

SLOSS, J.—As stated by the appellant in his brief, "This action is a contest, simply, between the public administrator of Tulare County and the public administrator of Fresno County as to which one· has the better right, under the existing circumstances, to administer the estate."

The decedent was a resident of the.state of New York, and left estate in various counties of this state. The appellant, Chittenden, the public administrator of Fresno County, appeals from an order of the superior court of Tulare County appointing the respondent, Dungan, the public administrator of Tulare County, administrator of the estate. The appellant had theretofore been appointed as administrator of the same estate by the superior court of Fresno County, although his petition for appointment was filed several days later than Dungan's petition in Tulare County. The appellant's main contention is that the superior court of Fresno County, having first heard and passed upon an application for letters of administration, had sole and exclusive jurisdiction of the estate, and that the superior court of Tulare County was without jurisdiction to make the order appealed from. The facts concerning the proceedings in the two courts appear more fully in the opinion of this court in *Dungan* v. *Superior Court, ante,* p. 98, [84 Pac. 767], which was a controversy between the same parties and raised the same point here involved. It was there held that "jurisdiction in such matters attaches upon the filing of the first petition, to the superior court in which the petition is filed, and continues during the pendency of the proceeding thus instituted, and that this jurisdiction is exclusive, precluding any other court from effectually acting

in the matter." That ruling is conclusive against the appellant's argument as to jurisdiction.

If, then, the superior court of Fresno County had no power to appoint an administrator, pending the proceedings in Tulare, the appellant had no interest in opposing the appointment of another in Tulare County. He was not himself an applicant for letters in the latter county, but was merely opposing any action by the court. In view of the determination that the Tulare County court had the power to appoint, the appellant, who did not himself seek appointment, is not affected by the grant of letters to any one else. He was not a "person interested," and had no standing to oppose Dungan's appointment. (Code Civ. Proc., sec. 1374.) It is, therefore, unnecessary to consider the point urged that the court below was without power to appoint an administrator except upon probate of the will said to have been left by the decedent.

The order is affirmed.

·Angellotti, J., and Shaw, J., concurred.