[S. F. No. 16294. In Bank.—November 12, 1940.]

In the Matter of the Estate of JEAN ESTREM, Deceased. AUGUSTE SANGUIN et al., Appellants, v. ALBERT E. HILL, as Public Administrator, etc., Respondent.

Joseph L. Lewinson, A. L. Abrahams, Harry G. Sadicoff, Donald Armstrong and Morris E. Cohn for Appellants.

Ralph E. Hoyt, District Attorney, J. F. Coakley, Chief Assistant District Attorney, Owen E. Hotle, Jr., Deputy District Attorney, and H. W. Clark for Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark, Frank J. Hogan, Wellborn, Mitchell, Barrett & Rodi, Frederick D. Anderson, Bertram L. Lenz, and Robinson, Price & MacDonald, as *Amici Curiae,* on Behalf of Respondent.

GIBSON, C. J.—On August 16, 1937, the Superior Court of Alameda County made an order admitting to probate the will of Jean Estrem, dated August 13, 1930. The order recited that notice had been regularly given to all interested parties as required by law; that the decedent died on May 28, 1937, in Belgium; that at the time of his death he was a resident of France; and that he left estate within the Counties of Alameda and Fresno, State of California. Edward R. Eliassen was appointed executor. No appeal was taken from this order, and the time for appeal has long since expired.

Jean Estrem had, however, made a later will dated June 10, 1936. By decree of a French court on June 9, 1937, this will was established as the last will and testament of Estrem. The Alameda court had no notice of this subsequent will when it admitted the 1930 will to probate.

Eliassen subsequently filed an inventory and appraisement showing the property of the estate in California to con-

sist of two parcels of land in Fresno County, a promissory note for $2,000 on which the statute of limitations had run, and shares of stock in a California corporation having its principal place of business in Fresno County. The last two items were appraised as having no value. On January 5, 1939, appellants, certain devisees under the will who had been served with notice of the original proceedings, moved to set aside and annul the order admitting the will to probate and to recall and cancel the letters testamentary issued to Eliassen as executor of the will. The court entered an order denying the motion, and from this order the devisees have appealed.

■ A preliminary question is raised as to the appealability of this order denying the motion to set aside the probate. The decision in *Estate of O'Dea*, 15 Cal. (2d) 637 [104 Pac. (2d) 368], handed down since the filing of the briefs herein, was cited to us on oral argument. That case holds that section 1240 of the Probate Code specifies the only orders and judgments in probate from which an appeal will lie, and an order made on a motion under section 473 of the Code of Civil Procedure, like any other probate order, is appealable only if expressly so declared in section 1240. The effect of the order here under consideration was a refusal to revoke the probate and the letters issued pursuant thereto, and an order either granting or refusing such relief is expressly made appealable by section 1240.

Appellants contend that the order admitting the will to probate and directing issuance of letters to the executor is void on its face and therefore open to challenge at any time. The principal ground urged in support thereof is the admitted fact, appearing in both the petition for and the order admitting the will to probate, that the decedent at the time of his death was living in France, and thus was a nonresident of this state. Both the petition and order declared, however, that decedent had left property situate in Alameda and Fresno Counties of this state. Based on the latter allegation, the Alameda County Superior Court, wherein application was first made by the executor, admitted the will to original probate.

■ Thus, the first question to be determined is whether the probate court of Alameda County had jurisdiction to grant original probate of the will of a nonresident who died leaving property in the county. Generally speaking, a will

should be submitted in the first instance to the forum at the domicile of the testator. But in California a probate court may acquire jurisdiction over the estate of a deceased person in either of two situations: the domicile of such person within the state, or the presence of assets within the state. Section 301 of the Probate Code provides that "Wills must be proved, and letters testamentary or of administration granted and administration of estates of decedents had, in the superior court: . . . (3) Of any county in which *he leaves estate, the decedent not being a resident of the state* at the time of his death, and having died out of the state. . . ."

Similar statutes have been enacted in other states, and in applying them it has been held that the appropriate court of a jurisdiction in which assets of the estate of a nonresident testator are found may grant probate of his will even though the will has not been presented for probate in the state of his domicile. (See 119 A. L. R. 491.) In applying a statute substantially the same as subdivision 3 of section 301, *supra,* the court in *In re Smith's Estate,* 55 Wyo. 181 [97 Pac. (2d) 677, 682], declared: "It is held by the great weight of authority under like or similar statutory provision that a will may be admitted to probate in a state other than that of the domicile of the deceased, though it has never been admitted in the latter state; and that the admission to probate in the state of the domicile is not a condition precedent to the admission in another state where the deceased leaves real or personal property." These cases represent applications of the principle that every state has plenary power with respect to the administration and disposition of all property of deceased persons found within the jurisdiction. This principle found early expression in this state in *Estate of Clark,* 148 Cal. 108, 112 [82 Pac. 760, 113 Am. St. Rep. 197, 7 Ann. Cas. 306, 1 L. R. A. (N. S.) 996]. That case presented the converse of our problem, namely, whether the will of a resident could be admitted to ancillary probate here after original probate in another state. In construing and applying the sections of the Code of Civil Procedure which antedated the present Probate Code sections, the court declared that "Recognition would be given to the indisputable principle that every state has plenary power with respect to the administration and disposition of the estates of deceased persons as to all

property of such persons found within its jurisdiction. *Thus the courts of a state may and do grant original probate upon wills of deceased non-residents who leave property within that state.* In California this is expressly provided for by section 1294, *supra,* and the rule as to other states is the same." Upon denial of a rehearing in that case the court stated (p. 125), that "The fact that in this state, as in other states and countries, wills of non-residents are admitted to probate on original proceedings for the purpose of administering upon their property within the state is no impeachment of this proposition. In such cases it is the property within this state and subject to its jurisdiction which constitutes the *res,* and proof of the will is allowed as a mere incident or means of determining the disposition of that property. And the decree which has only that purpose is conclusive only to that extent. It binds that property here and everywhere that the decrees of our courts are accorded full faith and credit, whether by comity or by force of the federal constitution. But such a decree is not binding as to the will itself in other jurisdictions where the decedent may have left property, and still less is it binding upon the courts of his domicile. It is not conclusive in other jurisdictions simply because, as a will and for all purposes, it has not been duly proved and allowed. It has been proved and allowed so far as it affects the disposition of the property within the particular jurisdiction, but no farther." Whether essential to the decision or not, such declaration is sound law and is in accord with the weight of authority and with the Restatement of Conflict of Laws, section 469. It was reiterated by this court in *Estate of Edelman,* 148 Cal. 233, 239 [82 Pac. 962, 113 Am. St. Rep. 231], wherein it was stated that "the court had jurisdiction to grant original probate of the will of the deceased, although a nonresident, since she had left property within this state." (See, also, *Dungan* v. *Superior Court,* 149 Cal. 98 [84 Pac. 767, 117 Am. St. Rep. 119], and *Estate of Davis,* 149 Cal. 485 [87 Pac. 17].)

Sections 360–362 of the Probate Code, relied on by the appellants, offer no obstacle to our conclusion. Those sections merely provide the manner in which the will of a nonresident originally probated at his domicile may be offered for ancillary probate here. They contain no language which would prevent the original probate in this state of a will of

such nonresident not probated at the place of domicile, nor do they oust the probate courts of such original jurisdiction when undertaken in ignorance of the pendency of a similar proceeding at the place of domicile. The case of *Patterson* v. *Dickinson*, 193 Fed. 328, cited by appellants, was an action in equity in which the husband of the decedent was declared to hold property in trust for certain other heirs because of his fraud in presenting for ancillary probate the will of his wife which had been declared invalid by the court of original probate at the place of domicile. The judgment roll in the present case does not disclose any facts constituting such fraud.

If, as contended by appellants, the later will of 1936 was in fact the true last will and testament of decedent, and not merely a codicil to the earlier will, they are free to offer in this state for either original or ancillary probate such later testamentary instrument. Should it then be admitted to probate, section 510 of the Probate Code provides that "the pre-existing grant of letters testamentary or of administration must be revoked, and the administrator or executor whose grant of authority is thus terminated must render an account of his administration within such time as the court may direct. . . . "

This brings us to appellants' chief ground of appeal, the assertion that the decedent actually left no property in Alameda County and that the superior court of that county was therefore without jurisdiction to admit the will to probate. Section 473 of the Code of Civil Procedure, paragraph 4, provides in part: "The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." No time limit is fixed within which such a motion must be made, and appellants contend that although the time for appeal from the order admitting the will to probate has passed, they can proceed under this provision to have the order set aside as void because made without jurisdiction.

But the order does not, on its face, appear to be void; and appellants have sought to establish lack of jurisdiction by facts appearing outside the judgment roll, and contrary to the finding of the probate court. The question, then, is whether the above-quoted provision of section 473 permits a re-examination of jurisdictional facts, which the probate court has already found to exist, at the instance of a party who had proper notice of the original proceedings with an opportunity

at that time to come in and contest the finding and to review any determination thereof on appeal.

We are of the opinion that section 473 does not permit such an attack upon the original finding of jurisdictional fact by the probate court. The jurisdiction of the court to render a judgment or order often depends upon the preliminary determination of certain jurisdictional facts. When all parties affected are actually or constructively before it with an opportunity to assert their contentions and to appeal from an adverse ruling, the finding of such facts by the court may be reviewed only by an appeal or other timely and available direct attack. This finding cannot be attacked in a proceeding under paragraph 4 of section 473 to have the judgment declared void, nor can it be attacked in any collateral proceeding. In such situations the finding is as conclusive as any other finding of fact by the court in the original proceeding. While the rule of conflict of laws has been that in a suit on a foreign judgment the court of the forum could always inquire into the jurisdiction of the original court (*Thompson* v. *Whitman*, 18 Wall. [85 U. S.] 457 [21 L. Ed. 897]; *Ritchie* v. *Carpenter*, 8 Wash. 512 [28 Pac. 380, 26 Am. St. Rep. 877]; *Reynolds* v. *Stockton*, 140 U. S. 254 [11 Sup. Ct. 773, 35 L. Ed. 464]; *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287 [11 Sup. Ct. 92, 34 L. Ed. 670]; *National Exchange Bank* v. *Wiley*, 195 U. S. 257 [25 Sup. Ct. 70, 49 L. Ed. 184]; *Matera* v. *Hauptmann*, 13 N. J. Misc. 483 [179 Atl. 626]), the increasing tendency is to treat a finding by the original court of jurisdictional facts, whether as to person or subject matter, binding upon the court in which suit on the judgment is brought, when the question was originally duly litigated with proper notice and participation of all the parties affected by it. (*Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522 [51 Sup. Ct. 517, 75 L. Ed. 1244]; *American Surety Co.* v. *Baldwin*, 287 U. S. 156 [53 Sup. Ct. 98, 77 L. Ed. 231, 86 A. L. R. 298]; *John Simmons Co.* v. *Sloan*, 104 N. J. L. 612 [142 Atl. 15]; *Blakeslee* v. *Blakeslee*, 213 Ill. App. 168; *Chamblin* v. *Chamblin*, 362 Ill. 588 [1 N. E. (2d) 73, 104 A. L. R. 1183]; 80 U. of Pa. L. Rev. 386.) This has been the rule in California with regard to attacks on judgments rendered by our own courts. (*Dungan* v. *Superior Court*, 149 Cal. 98 [84 Pac. 767, 117 Am. St. Rep. 119]; *Holabird*

v. *Superior Court,* 101 Cal. App. 49 [281 Pac. 108] ; *In re Eichoff's Estate,* 101 Cal. 600 [36 Pac. 11].)

In the present case the Superior Court of Alameda County, in admitting the will to probate, necessarily found in accordance with the allegations of the petition that the decedent had left property in Alameda County. The appellants were served with notice of such proceeding and had full opportunity to come in and contest such a finding. If the finding was erroneous, it could have been attacked on appeal. The time for appeal having elapsed, the finding has become conclusive.

These principles were not changed by the amendment of 1933 adding the above quoted provision to section 473 of the Code of Civil Procedure. We need not be concerned with the proper characterization of such proceedings as a direct or collateral attack. Long prior to this amendment it was well established that the superior court had jurisdiction *at any time* to set aside a judgment or order *void on its face.* (*Capital Bond etc. Co.* v. *Hood,* 218 Cal. 729 [24 Pac. (2d) 765] ; *Baird* v. *Smith,* 216 Cal. 408 [14 Pac. (2d) 749] ; *Reher* v. *Reed,* 166 Cal. 525 [137 Pac. 263, Ann. Cas. 1915C, 737] ; *In re Dahnke,* 64 Cal. App. 555 [222 Pac. 381] ; *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal. App. 759 [265 Pac. 491] ; *People* v. *Greene,* 74 Cal. 400 [16 Pac. 197, 5 Am. St. Rep. 448] ; *People* v. *Temple,* 103 Cal. 447, 453 [37 Pac. 414] ; *Michel* v. *Williams,* 13 Cal. App. (2d) 198 [56 Pac. (2d) 546].) It was further settled that it had the power *within a reasonable time,* which by analogy to Code of Civil Procedure section 473a was limited to one year, to set aside a *default* judgment or order void, not on its face, but because of want of jurisdiction over the person of a defendant who had at no time been present in the proceedings. (*Richert* v. *Benson Lumber Co.,* 139 Cal. App. 671 [34 Pac. (2d) 840] ; *Smith* v. *Jones,* 174 Cal. 513 [163 Pac. 890] ; *In re Dahnke, supra; Barnett* v. *Reynolds,* 124 Cal. App. 750 [13 Pac. (2d) 514] ; *Vaughn* v. *Pine Creek Tungsten Co., supra.*) In addition, a judgment could be attacked at any time either by motion or in an independent action in equity on the ground that it was secured by extrinsic fraud. (*McGuinness* v. *Superior Court,* 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110] ; *McKeever* v. *Superior Court,* 85 Cal. App. 381 [259 Pac. 373] ; *Kasparian* v. *Kasparian,* 132 Cal. App. 773 [23

Pac. (2d) 802]; *Tomb* v. *Tomb*, 120 Cal. App. 438 [7 Pac. (2d) 1104]; *Kronman* v. *Kronman*, 129 Cal. App. 10 [18 Pac. (2d) 712].)

Prior to 1933 this particular subdivision of 473 was in section 900a of the Code of Civil Procedure, relating to justices' courts. In that year as part of extensive amendments made to various code sections relating to the jurisdiction and procedure of the courts, the special sections relating to the justices' courts were repealed and their contents incorporated in the general sections relating to pleadings in civil actions (Code Civ. Proc., secs. 420 to 475), which were at that time made applicable to all courts. (Code Civ. Proc., sec. 34.) Fear existed that unless the contents of former section 900a were placed in some statute, courts not of record might be held to be without those powers. (*F. E. Young Co. Inc.* v. *Fernstrom*, 31 Cal. App. (2d) (Supp.) 763 [79 Pac. (2d) 1117].) Thus, the 1933 amendment to section 473 added nothing to the jurisdiction of the courts with respect to setting aside their judgments or orders. Independently of this provision a court may set aside at any time a judgment or order obtained by extrinsic fraud. A court may set aside at any time a judgment or order void on its face. It may set aside a default judgment or order issued without proper jurisdiction over the person of a defendant who at no time was before the court if motion for such relief is made within one year. And, of course, it may set aside a judgment or order inadvertently made upon motion within six months, under section 473. But it cannot, after time for appeal has elapsed, set aside a judgment or order on the ground that the court lacked jurisdiction, when the facts establishing such jurisdiction were found by the court in the original proceedings, and all adverse parties were properly served with notice and had the opportunity to present their objections.

Appellants contend further that these principles are inapplicable because the inventory and appraisement, filed subsequent to the order admitting the will to probate, disclosed an absence of property in Alameda County. This, they claim, constituted a showing of lack of jurisdiction *on the face* of the judgment roll. There are several answers to this contention. First, the inventory is not a part of the judgment roll in the proceeding to admit the will to probate. Second, the inventory does not show that at the *time of death*

none of the decedent's property had a situs in Alameda County. It cannot therefore be said to establish a want of jurisdiction in the Alameda County probate court, even assuming its availability for that purpose. Thirdly, it may be observed that the inventory merely states that certain property which the court might have deemed situate in Alameda County was without value, in the opinion of the appraiser. This does not constitute a conclusive showing that there was no property at all which the probate court could find to be situated in Alameda County.

The order is affirmed.

Edmonds, J., Shenk, J., Carter, J., Moore, J., *pro tem.*, and Marks, J., *pro tem.*, concurred.