[Civ. No. 8052.   Fourth Dist., Div. Two.   May 19, 1967.]

OLIVER A. THORSON et al., Plaintiffs and Respondents, v. WESTERN DEVELOPMENT CORPORATION, Defendant and Appellant.

Milton Wichner for Defendant and Appellant.

Boyd A. Taylor for Plaintiffs and Respondents.

McCABE, P. J.—Defendant Western Development Corporation (hereinafter called Western) was named as one of the parties defendant in a complaint filed on December 3, 1963, by the plaintiffs in the Superior Court in and for the County of Inyo. In this complaint, the plaintiffs sought (1) to quiet title to certain specifically described real property conveyed to defendants by reason of certain false and fraudulent representations; (2) damages in the sum of $10,000 sustained by plaintiffs by reason of said fraudulent representations; (3) to rescind the agreement pertaining to the property by reason of the fraud; (4) to enjoin defendants from claiming any interest in the specified property; (5) to cancel certain instruments [a grant deed and a note and trust deed] creating a

cloud upon title to the property; and (6) for declaratory relief. Defendant Western was properly served with process but failed to appear in the action within the statutory period. The other named defendants, generally described by "Does," were not served and did not appear in the action during the period pertinent to the present controversy.

On January 21, 1964, attorney for the plaintiffs filed a request for the entry of Western's default in this action, which in that notice was denominated one to "quiet title, cancellation of instrument, trust, rescission, fraud, and reformation." The default was entered by the clerk on the same day. A default judgment was regularly entered on March 4, 1964, after a hearing on February 7, 1964, at which testimony was taken from Oliver Thorson by the trial court, which judgment provided in part ". . . that said deed, note and trust deed referred to in said complaint as Exhibits 'A', 'B', and 'C' are voidable and fraudulent and should be, and are hereby set aside and . . . cancelled . . . and defendant corporation is ordered to deliver said deed, note and trust deed to plaintiffs to be destroyed; . . . that plaintiffs are the owners of the property described in the complaint . . . and are entitled to possession thereof, and that defendant corporation, WESTERN DEVELOPMENT CORPORATION, has no state or interest whatsoever in and to said land and premises, and that any interest they may claim therein is hereby declared to be null and void; . . . Defendant WESTERN DEVELOPMENT CORPORATION is hereby barred and restrained from asserting any claim to any of said land as described in the complaint. That plaintiffs shall have judgment against the defendant for damages on [sic] the sum of Ten Thousand Dollars ($10,000.00) ; . . . Plaintiffs are hereby declared to have a fee interest in and to the land described in said complaint, and plaintiffs' interest is hereby quieted against any and all claims of right or interest; . . . Plaintiffs are hereby granted costs of suit in the sum of $17.50."

Some five months and twenty-nine days after the default judgment had been entered, defendant Western filed on September 2, 1964, a notice of motion to set aside and vacate the default judgment previously entered. The motion was predicated upon the ground that the default judgment, as entered, was void on it face. Only points and authorities accompanied the notice of motion. After a hearing, the trial court took the matter under submission. An order denying this motion was entered on November 25, 1964. Defendant Western appeals from this order.

Defendant Western asserts initially that "a void judgment may be attacked at any time, either collaterally or directly." We do not disagree with this statement as a general proposition, (see Rest., Judgments, § 11, com. a [1942]; 1 Freeman on Judgments, §§ 307-308 [5th ed. 1925]; *Developments in the Law—Res Judicata* (1952) 65 Harv.L.Rev. 817, 850-855), but the statement presupposes that the default judgment of March 4, 1964, was void. In recognition of the logical need to gap the hiatus in this premise, defendant next contends the judgment was void, for the trial court acted in excess of its jurisdiction in (1) the award to plaintiffs of their costs in a quiet title action; (2) the award of $10,000 in damages since the prayer of the complaint simply asked for "damages according to proof;" (3) the award of any damages since the action to quiet title was founded upon rescission of the parties' prior agreement and the tort action for fraud was inconsistent with that disaffirmance of the contract; (4) that there were not sufficient facts stated to constitute a cause of action; (5) that sufficient proof of plaintiffs' title was not adduced at the hearing on February 7, 1964, to satisfy the requisites of Code of Civil Procedure, sections 751 and 751.1; (6) the absence of the joinder of the trustee under the trust deed since the trustee was an indispensable party; and (7) there is, as yet, no final judgment in resolution of certain issues between defendant Western and other named codefendants.

■ "It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order." (*In re Dahnke*, 64 Cal.App. 555, 560 [222 P. 381]; *Hayashi* v. *Loranz*, 42 Cal.2d 848, 851 [271 P.2d 18]; *Jonson* v. *Weinstein*, 249 Cal.App.2d 954, 957-958 [58 Cal.Rptr. 32]; *Hendrix* v. *Hendrix*, 130 Cal.App.2d 379, 383 [279 P.2d 58].)

■ When the invalidity of the judgment or order, which is in fact void for want of jurisdiction, is not apparent from the judgment roll or record, it is equally well established that the judgment may still be set aside within a reasonable period after its entry, not to exceed the time limit prescribed in Code of Civil Procedure, section 473. (*Norton* v. *Atchison, etc. R.R.Co.*, 97 Cal. 388, 392 [30 P. 585, 32 P. 452, 33 Am.St. Rep. 198]; *Smith* v. *Jones*, 174 Cal. 513, 516 [163 P. 890]; *In re Dahnke, supra*, 64 Cal.App. 555, 562-563.)

■ If the motion is predicated upon the ground that the

judgment is void, assuming the motion is made under paragraph 4 of section 473, Code of Civil Procedure, that paragraph provides no time limitation upon the right of the adversely affected party to set it aside. It has been held that if the judgment is not void on its face, the judgment may be vacated and set aside upon motion within a "reasonable" time, and by analogy "reasonable" time has been construed to the one-year limitation expressed in Code of Civil Procedure, section 473a; *People* v. *One 1941 Chrysler Sedan,* 81 Cal.App.2d 18, 22 [183 P.2d 368], but if the judgment is void on its face there are no time limits on a motion to vacate it or set it aside. (*Estate of Eikerenkotter,* 126 Cal. 53, 54-55 [58 P. 370]; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36].)

However, the manner and grounds in which a void judgment might be attacked were conclusively determined by Mr. Chief Justice Gibson in *Estate of Estrem, supra,* 16 Cal.2d 563, 571, holding:

"We need not be concerned with the proper characterization of such proceedings as a direct or collateral attack. Long prior to this amendment [the 1933 amendment to Code Civ. Proc., § 473] it was well-established that the superior court had jurisdiction *at any time* to set aside a judgment or order *void on its face.* [Citations.] It was further settled that it had the power *within a reasonable time,* which by analogy to Code of Civil Procedure section 473a was limited to one year, to set aside a *default* judgment or order void, not on its face, but because of want of jurisdiction over the person of a defendant who had at no time been present in the proceedings. [Citations.] In addition, a judgment could be attacked at any time either by motion or in an independent action in equity on the ground that it was secured by extrinsic fraud. [Citations.]

" [A] court may set aside at any time a judgment or order obtained by extrinsic fraud. A court may set aside at any time a judgment or order void on its face. It may set aside a default judgment or order issued without proper jurisdiction over the person of a defendant who at no time was before the court if motion for such relief is made within one year. And, of course, it may set aside a judgment or order inadvertently made upon motion within six months, under section 473. But it cannot, after time for appeal has elapsed, set aside a judgment or order on the ground that the court lacked jurisdiction, when the facts establishing such jurisdiction were found by the court in the original proceedings, and all adverse

parties were properly served with notice and had the opportunity to present their objections."

In the face of this pronouncement the trial court properly entertained the defendant's motion. (See *Thompson* v. *Cook*, 20 Cal.2d 564, 569-571 [127 P.2d 909].)

█ If the judgment was void on its face, the superior court inherently was without jurisdiction to enter it. The cause which resulted in this action arises out of and pertains to the circumstances under which certain real property was transferred to defendants. Code of Civil Procedure, section 739, applying only to quiet title actions, provides: "If the defendant in such action . . . suffer judgment to be taken against him without answer, the plaintiff cannot recover costs." Since the judgment of the superior court in this action, which in essence was one to quiet title to land, taxed these costs against the defendant, it must be vacated insofar as it awarded plaintiffs these costs. (*Michel* v. *Williams*, 13 Cal.App.2d 198, 201 [56 P.2d 546].)

█ Defendant urges, "It is a settled rule . . . that a default judgment by the court that exceeds the demand or gives relief where no demand is made therefor is void as in excess of the court's jurisdiction. . . ." (*Burtnett* v. *King*, 33 Cal. 2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]; *Gudarov* v. *Hadjieff*. 38 Cal.2d 412, 416 [240 P.2d 621]; *Myers* v. *Washington*, 211 Cal.App.2d 767, 769 [27 Cal.Rptr. 778]; *Cochrum* v. *Cochrum*, 162 Cal.App.2d 825, 829-830 [328 P.2d 1000].) This contention is well founded and is predicated upon Code of Civil Procedure, section 580, which provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . ."

█ In the case herein presented the complaint filed by plaintiffs contained the following allegations in its prayer as applicable herein: ". . .4. Damages according to proof. . . .7. For such other relief as to the Court may seem just and equitable." In the body of the second count the plaintiffs also alleged, "By the reason of said facts, plaintiffs have been damaged in the sum of Ten Thousand Dollars ($10,000.00)." By reason of the allegation contained in the second count of the complaint and the prayer "damages according to proof," plaintiffs urge the defendant had adequate notice, as required by *Burnett* v. *King, supra*, 33 Cal.2d 805, 808.

In the early case of *Brooks* v. *Forington*, 117 Cal. 219, 220 [48 P. 1073], the Supreme Court held, "The relief 'demanded in his complaint' is held to refer to the relief asked in the

*prayer*—the feature of the pleading to which alone reference may be had in default cases, to ascertain what relief the plaintiff seeks; . . .'' Thus the allegation contained in the body of their complaint may not cure a defect in the prayer [demand] of the complaint, and the jurisdiction of the trial court to enter the default judgment must be resolved solely by reference to that prayer. (*Gudarov* v. *Hadjieff, supra,* 38 Cal.2d 412, 416; *Lee* v. *Ski Run Apartments Associates,* 249 Cal. App.2d 293, 294-295 [57 Cal.Rptr. 496].)

But these cases and those cited by defendant Western all concerned complaints in which the relief awarded was not mentioned or the award was in excess of the demand. The allegations of the complaint herein combined with the demand, contained in the prayer, for ''damages according to proof'' gave sufficient notice to defendant that in addition to the restitutional relief demanded, plaintiffs also requested relief in the form of monetary damages. (*Horton* v. *Horton,* 18 Cal.2d 579, 582-583 [116 P.2d 605]; *Christiana* v. *Rose,* 100 Cal.App.2d 46, 52 [222 P.2d 891]; *American Securities Co.* v. *van Loben Sels,* 13 Cal.App.2d 265, 271, 273 [56 P.2d 1247].)

However, even though the allegation contained in the prayer was sufficient to sustain the award of damages, since the complaint herein contained several inconsistent counts, it is incumbent upon this court to ascertain ''the true basis of defendant's liability even though the defendant has defaulted and thereby 'technically' confessed to the truth of the allegations contained in each cause of action.'' (*Robinson* v. *Early,* 248 Cal.App.2d 19, 25 [56 Cal.Rptr. 183].)

The first and second counts of this complaint are inherently inconsistent. If indeed, the plaintiffs have been defrauded, as defendant Western's default admits, the plaintiffs could proceed on either of two inconsistent and independent remedies. Plaintiffs could affirm the land sale contract and sue for the damages occasioned by defendant Western's fraud, or alternately they could rescind their agreement and bring an action to recover the property they had previously conveyed in disaffirmance of their contract. (Rest., Contracts, §§ 381, 384; Rest., Restitution, § 68; *Karapetian* v. *Carolan,* 83 Cal.App.2d 344, 346 [188 P.2d 809, 1 A.L.R.2d 1075]; *Paquin* v. *Van Houtum,* 343 Mich. 111 [72 N.W.2d 169, 175]; *Donovan* v. *Curts,* 245 Mich. 348 [222 N.W. 743].)

While plaintiffs' complaint might properly contain separate counts seeking inconsistent forms of relief, see *Williams* v. *Marshall,* 37 Cal.2d 445, 457 [235 P.2d 372]; *First*

*Savings Bank & Trust Co.* v. *Greenleaf,* 294 F. 467, 471-472, they may not pursue both to a final judgment, but must instead prior to that event elect between the inconsistent remedies previously pleaded. (*Alder* v. *Drudis,* 30 Cal.2d 372, 383-384 [182 P.2d 195] ; *Davis* v. *Rite-Lite Sales Co.,* 8 Cal.2d 675, 678-679 [67 P.2d 1039] ; *Mansfield* v. *Pickwick Stages,* 191 Cal. 129, 130-131 [215 P. 389] ; *Bancroft* v. *Woodward,* 183 Cal. 99, 101-102 [190 P. 445] ; *Herdan* v. *Hanson,* 182 Cal. 538, 541-542 [189 P. 440] ; *Hines* v. *Ward,* 121 Cal. 115, 120 [53 P. 427] ; *Paularena* v. *Superior Court,* 231 Cal.App.2d 906, 915 [42 Cal.Rptr. 366].)

But a different result is compelled by reason of the statutory codification of the rules of law applicable to the issue presented in Civil Code, section 1692, which states: ''. . . A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery.''

Thus it is apparent that the court award ''shall not include duplicate or inconsistent items of recovery.'' Yet from the allegations of the complaint and the order and judgment of the trial court, it is not certain the damages awarded were necessary to compensate or make plaintiffs whole and, hence, it is not certain this award of damages was proper.

██ This uncertainty in the basis of the award by the trial court must be resolved in favor of that judgment since defendant prosecuted his appeal to this court on a judgment roll only. (Cal. Rules of Court, rule 52.) ██ ''Since the adoption of rule 52, . . . if an error appears on the face of a judgment roll or other partial transcript it is not to be presumed on appeal that the error was cured by some proceeding not appearing in the transcript [citations], but it is still incumbent on an appellant to present a transcript which affirmatively shows on its face that an error occurred.'' (*Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806-807 [241 P.2d 639].) This Western has failed to do since the record of the hearing at the time of the entry of the default is not presently before this court. ██ In the absence of a contrary showing, we must presume the trial court in making the award of damages predicated its action on the need of plaintiffs for compensatory damages under Civil Code, section 1692. (*Woolford* v. *Denbow,* 216 Cal.App.2d 200, 203 [30 Cal.Rptr. 794] ; *Alexander*

v. *McDonald*, 86 Cal.App.2d 670, 671 [195 P.2d 24]; *Riley* v. *Dunbar*, 55 Cal.App.2d 452, 455 [130 P.2d 771].)

Defendant's contention relating to the insufficiency of the complaint to state a cause of action is without merit. ▆ As the Supreme Court stated in *Trans-Pacific Trading Co.* v. *Patsy Frock etc. Co.*, 189 Cal. 509 at pp. 513-514 [209 P. 357]:

"It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand."

Since the court herein had the requisite jurisdiction of the parties and subject matter, defendant's attack on the judgment on this ground is without merit. (See *Shupe* v. *Evans*, 86 Cal.App. 700, 702 [261 P. 492]; *Roemer* v. *Nunes*, 73 Cal. App. 368, 371 [238 P. 820]; Comment, *Attacking a Default Judgment in California on the Grounds that the Complaint Failed to State a Cause of Action*, 1 U.C.L.A. L.Rev. 195.)

The remaining points raised by defendant Western are without merit. ▆ A judgment may not be collaterally attacked on the ground it was based upon an insufficient showing. (49 C.J.S., Judgments, § 432, p. 856.) ▆ Nor is a trustee under a deed of trust an indispensable party in an action brought by a beneficiary when the interest or powers of that trustee concerning the trust *res* are subject to the control of the trustor. (*Muggill* v. *Reuben H. Donnelley Corp.*, 62 Cal.2d 239, 241-242 [42 Cal.Rptr. 107, 398 P.2d 147].) ▆ Finally, a judgment may be rendered against one or more of several defendants whenever a several judgment is proper. (Code Civ. Proc., § 579.) An action to quiet title to land permits either joint or several judgments, *Weisz* v. *Mc-Kee*, 31 Cal.App.2d 144, 147-148 [87 P.2d 379], thus negativing defendant's contention that the rights of the respective defendants need be resolved simultaneously.

The judgment is modified by striking therefrom the provision awarding $17.50 as costs of suit and as so modified, is affirmed.

Kerrigan, J., and Tamura, J., concurred.