[Civ. No. 9236.   Fourth Dist., Div. Two.   May 20, 1969.]

JUAN A. SANCHEZ, Plaintiff and Appellant, v. MARY S. SANCHEZ, Defendant and Respondent.

160

Everett E. Ricks, Jr., for Plaintiff and Appellant.

Parker, Seely & Frost and Hall Seely for Defendant and Respondent.

GARDNER, J. pro tem.*—The parties were married in 1943, separated in 1962. On October 13, 1966, husband filed a complaint for divorce; a copy of the summons and complaint was served on the wife on October 15, 1966. An interlocutory judgment of divorce by default was granted husband on December 1, 1966. This judgment found that there was no community property, gave the wife no support, granted her custody of the minor child of the parties and an award of $75 per month for that child's support. On September 21, 1967, wife was committed to the Metropolitan State Hospital pursuant to Welfare and Institutions Code, section 5550 et seq. A final judgment of divorce was obtained by husband on October 16, 1967. On October 19, 1967, Laura La Cava as guardian ad litem for wife filed a motion to vacate the default and set aside the judgment, which motion was granted on December 20, 1967.

The basis of the guardian ad litem's motion was that the wife was mentally incompetent at the time of the entry of her default and that, therefore, she was deprived of the right to be heard, thus preventing a fair adversary proceeding.

In support of this motion the guardian ad litem and her husband, Robert La Cava, filed the following declaration:

"We, LAURA LA CAVA and ROBERT LA CAVA, husband and wife, declare as follows:

"MARY S. SANCHEZ, age 42, is the mother of LAURA LA CAVA. MARY S. SANCHEZ is presently hospitalized at Metropolitan State Hospital, Norwalk, California, following proceedings held in Action No. S-10852 Orange County Superior Court, pursuant to Welfare and Institutions Code Sec. 5550 et seq.

---

*Assigned by the Chairman of the Judicial Council.

"MARY S. SANCHEZ has had a history of mental illness having been previously committed to Norwalk Metropolitan Hospital in 1957. During the pendency of the divorce action initiated by JUAN A. SANCHEZ, MARY A. SANCHEZ was under the same disabilities which resulted in her commitment to Metropolitan State Hospital and did not realize the full nature and significance of the proceedings being prosecuted against her.

"In the same period of time that the divorce proceedings were pending in this court, MARY S. SANCHEZ displayed a disregard for her personal welfare and, in fact, had to be continually reminded to eat her meals regular. She would rarely leave her residence unless accompanied by her daughter or son-in-law. She was incapable of doing any type of work or engaging in any kind constructive activity or employment. MARY S. SANCHEZ lost her home for failure to make timely payments on the mortgage although given due and proper notice to do so. She failed to inform any of her relatives, including her own daughter, regarding the notice of default and finally regarding the notice of foreclosure. She has no sense of being able to cope with the realities of ordinary affairs and, thus, does not understand why she lost her home through foreclosure.

"MARY S. SANCHEZ was evicted from her home and her furniture put into storage. When asked by her daughter to produce the receipts for recovery of her furniture, she indicated that she had destroyed all her personal papers including legal papers relating to her divorce from her husband who obtained a default divorce in this action on December 1, 1966.

"During the divorce action, MARY SANCHEZ did not in any way seek to appear in the action or to seek a marital settlement from her husband dispite [*sic*] the fact that she is unable to support or care for herself and incapable of obtaining any sort of employment.

"We declare under penalty of perjury that the foregoing is true and correct.

"DATED: October 16, 1967.

"s/ LAURA LA CAVA

"s/ ROBERT LA CAVA"

No counteraffidavit or testimony was offered by husband in opposition to the motion of the guardian ad litem.

The trial court granted the motion to set aside the default judgment.

Husband appeals from this order and contends that it was an abuse of the trial court's discretion "and has caused

prejudice and hardship to plaintiff" (who has remarried in the meantime).

An application to set aside a default judgment is addressed to the sound discretion of the trial court and, in the absence of a clear showing of an abuse of discretion where the trial court grants the motion, the appellate court will not disturb the order. It is the policy of the law to favor whenever possible a trial upon the merits and appellate courts are much more disposed to affirm an order where the result is to compel hearing upon the merits than they are where the default is allowed to stand and it appears that a substantial defense could be made. Stated in another fashion, the policy of the law is to have every litigated case tried upon its merits and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence or neglect of his adversary. (*Weitz* v. *Yankosky,* 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700].)

In the absence of a clear showing of an abuse of discretion, the order setting aside a default will not be disturbed on appeal. (*Cope* v. *Cope,* 230 Cal.App.2d 218, 231 [40 Cal.Rptr. 917].) On appeal all presumptions are in favor of the correctness of the order and the burden is upon the appellant to show that the court abused its discretion. (*Cope* v. *Cope, supra,* p. 231.)

Since defendant's motion was made more than six months after the default was entered, it was not directed to the court's statutory power to grant relief for mistake and excusable neglect under section 473 of the Code of Civil Procedure. On the contrary, defendant's motion was directed to the court's inherent equity power under which, apart from its statutory authority, court has the power to grant relief from a default judgment where there has been extrinsic fraud or extrinsic mistake. (*Olivera* v. *Grace,* 19 Cal.2d 570, 574-575 [122 P.2d 564, 140 A.L.R. 1328].)

While in this proceeding there is no allegation of any fraud on the part of the husband in the conduct of the divorce action, such as he knew that the defendant was incompetent, the fact that there was no fraudulent conduct makes no difference in that the principle of law involved is ". . . through no fault of his, the defendant was not permitted to participate in the proceeding." (*Olivera* v. *Grace, supra,* pp. 577-578.) It is well established that incompetency is a basis for equitable relief and that equity will relieve an incompetent from a

judgment taken without an adversary hearing. (*Olivera* v. *Grace, supra.*)

■ The uncontradicted declaration in support of, the motion to set aside the default paints a picture of a seriously disturbed woman whom the trial court could well infer was at all times during the pendency of the litigation incapable of defending herself, was unable to cope with the realities of life, and through no fault of her own, was deprived of her day in court. It appears to us that the trial court rather than abusing its discretion, exercised that discretion wisely.

■ While counsel for the husband at no time during the proceedings before the trial court or before this court raised the issue of the lack of a showing of a claim of meritorious defense by the wife, some mention should be made of this issue.

■ While it is true that the general rule is that the moving party must show that he has a meritorious defense so that a different result may possibly be reached if the order is vacated (*Greenamyer* v. *Board of Lugo Elementary School Dist.*, 116 Cal.App. 319, 325-326 [2 P.2d 848]), a different rule applies in a divorce case. The interest of the state in preserving the marriage state is such that a divorce decree will be set aside on a very slight showing without an affidavit of merits. (*Rehfuss* v. *Rehfuss*, 169 Cal. 86, 92 [145 P. 1020]; *Hammond* v. *Hammond*, 92 Cal.App. 212, 215 [267 P. 893].)

■ "The requirement that the complaint allege a meritorious case does not require an absolute guarantee of victory. (Cf. *McArdle Real Estate Co.* v. *McGowan*, 109 N.J.L. 595 [163 Atl. 24].) It is enough if the complaint presents facts from which it can be ascertained that the plaintiff has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding." (*Olivera* v. *Grace, supra*, 19 Cal.2d 570, 579.) ■ We feel that the declaration of the guardian ad litem that the wife is unable to support or care for herself and incapable of obtaining any sort of employment is a sufficient allegation of the necessity for the relief requested.

Judgment affirmed.

Kerrigan, Acting P. J., and Tamura, J., concurred.