[Civ. No. 33644. Second Dist., Div. One. July 28, 1969.]

ANDRES MUNOZ, SR., et al., Plaintiffs and Appellants, v.
HENRY P. LOPEZ, Defendant and Respondent.

Carroll & Anderson and Allen J. Kent for Plaintiffs and Appellants.

Ives, Kirwan & Dibble and John Brevidoro for Defendant and Respondent.

THOMPSON, J.—On September 10, 1963, appellants filed a complaint for legal malpractice against their former attorney, Henry P. Lopez, respondent in this action. An order for service by publication was obtained on the theory that respondent had been a resident of the State of California at the time the cause of action arose and had left the state. Appellants caused a purported affidavit and certification of personal service upon respondent to be filed. The affidavit and certification is patently and seriously defective in that it recites service in the County of Los Angeles, State of California, at an address in Mexico City, Mexico, and purports to be executed in Los Angeles County before a notary public whose seal affixed to the document carries a Spanish legend to the effect that it is issued by the Republic of Mexico. No proof of publication appears in the judgment roll.

Respondent did not appear in the action. Appellants caused his default to be entered on November 27, 1963, and took a default judgment in the amount of $25,650 on February 21, 1964. In granting the judgment, the court found that personal jurisdiction of the defendant (respondent) was obtained ''pursuant to publication and pursuant to personal service upon said defendant.''

On April 5, 1968, respondent filed a notice of motion to vacate judgment on the ground that "personal jurisdiction was lacking because of the fact that there was no personal service of process of any kind on Defendant . . ." The notice of motion was accompanied by respondent's affidavit to the effect that he had never been served. The matter was heard April 18, 1968. At the hearing, respondent offered further evidence that he had not been served as stated in the purported (but defective) affidavit and certificate of service. Appellants' counsel objected to that evidence and to the affidavit accompanying the notice of motion. He argued that extraneous evidence is inadmissible to attack a judgment not void on its face unless the attack is made within the time limits set in Code of Civil Procedure section 473. The court took the evidence subject to a motion to strike. On April 23, 1968, the court granted the motion to set aside the default and the judgment and by that action necessarily denied appellants' motion to strike extrinsic evidence. Appellants then perfected the appeal from the order which brings the case to us.[1]

Appellants now contend that: (1) the motion to set aside the default judgment was not timely made and should have been denied for that reason alone; and (2) the trial court erred in admitting extrinsic evidence which established that in fact respondent was not served with process or otherwise notified of the action pending against him.

### Timeliness of Motion

Appellant contends that a motion to set aside a default judgment not void on its face[2] but void in fact for lack of jurisdiction over the person of the defendant must be made within one year of the date upon which the judgment is entered as provided in Code of Civil Procedure section 473a.[3] ▮▮ That contention however, ignores the reality

---

[1] Appellants filed a notice of appeal from the order of "May 3, 1968." There is no order of that date in the file or record.

[2] Because we hold that the trial court's theory in holding for respondent was correct, we do not consider the possible alternative ground on which its order might be upheld; i.e., that defects in the affidavit and certificate of service render the judgment void on its face.

[3] "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action; . . ." (Code Civ. Proc., § 473a.)

that a motion made pursuant to section 473a is not the only method of setting aside a default for failure of service.

A trial court has an inherent equity power under which, apart from statutory authority, it may grant relief from a default judgment obtained through extrinsic fraud or mistake. (*Weitz* v. *Yankosky,* 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700] ; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328] ; *Sanchez* v. *Sanchez,* 273 Cal.App.2d 159 [77 Cal.Rptr. 884].) ■ That equitable power may be invoked by the party seeking to set aside the default judgment either by the filing of a separate suit for the purpose or by a motion made in the action in which the default was taken. (*Olivera* v. *Grace, supra; DeiTos* v. *DeiTos,* 105 Cal. App.2d 81 [232 P.2d 873] ; *Costa* v. *Traina,* 200 Cal.App.2d 655 [19 Cal.Rptr. 521] ; *McCreadie* v. *Arques,* 248 Cal.App.2d 39 [56 Cal.Rptr. 188].) The time limit for the filing of such a motion or separate suit is a reasonable time from discovery of the default judgment irrespective of when it may actually have been entered. (*Weitz* v. *Yankosky, supra; Bennett* v. *Hibernia Bank,* 47 Cal.2d 540 [305 P.2d 20] ; *Hayes* v. *Risk,* 255 Cal.App.2d 613 [64 Cal.Rptr. 36] ; *Fidelity Bank* v. *Kettler,* 264 Cal.App.2d 481 [70 Cal.Rptr. 500].)

■ While the grounds for an equitable action to set aside a default judgment are commonly stated as being those of extrinsic fraud or mistake, the terms are given a very broad meaning which tends to encompass all circumstances that deprive an adversary of fair notice of hearing whether or not those circumstances would qualify as fraudulent or mistaken in the strict sense. ■ Thus a false recital of service although not deliberate is treated as extrinsic fraud or mistake in the context of an equitable action to set aside a default judgment. (*Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 558 [305 P.2d 20] ; Rest., Judgments, § 117, com. C, p. 565.)

■ In the case at bench, respondent filed a motion on the stated ground that he had never been served with process. Inherent in that ground is the statement by implication that the recital of service in the purported affidavit and certificate of service in the judgment roll is false. That falsity is of necessity either mistaken or deliberately fraudulent. The basis of equitable relief as declared by our Supreme Court in *Bennett* v. *Hibernia Bank, supra,* is thus adequately if not artfully alleged, and the trial court properly treated the matter as one governed by a time limitation of a reasonable period

after discovery of the existence of the judgment and entry of default. Appellants do not question the inherent finding of the trial court that respondent acted promptly and reasonably after he discovered the facts.

██ Appellants rely on the often quoted dictum recently reappearing in *Thorson* v. *Western Dev. Corp.,* 251 Cal.App. 2d 206, 210 [59 Cal.Rptr. 299] that: "When the invalidity of a judgment or order, which is in fact void for want of jurisdiction, is not apparent from the judgment roll or record, it is . . . well established that the judgment may still be set aside within a reasonable period after its entry, not to exceed the time limit prescribed in Code of Civil Procedure, section 473." The apparent contradiction between the quoted language and the holding of our Supreme Court to the contrary in *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540 [305 P.2d 20] (equitable action filed six years after judgment) is explained by the context in which the quoted language has been used. Our research has disclosed no case in which the quotation has been applied to bar an equitable attack upon a judgment for lack of jurisdiction of the cause where that jurisdiction is in turn dependent on personal service on the defendant who at the later date seeks to question that service. The language frequently appears in probate proceedings where there is no question of the jurisdiction of the court, but there is an issue of notice to an interested party raised in a manner other than a proceeding in equity. (*Estate of Eikenkotter,* 126 Cal. 54 [58 P. 370] ; *Estate of Wise,* 34 Cal.2d 376 [210 P.2d 497] ; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36].) It appears frequently where the action is one in rem and not in personam and where the issue raised in a nonequitable procedure is one of notice to a person interested in the action. (*People* v. *One 1941 Chrysler Sedan,* 81 Cal. App.2d 18 [183 P.2d 368], forfeiture of a vehicle; *Richert* v. *Benson Lbr. Co.,* 139 Cal.App. 671 [34 P.2d 840], quiet title; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890], quiet title.) The language is also seen in cases where there is no question of original jurisdiction over the party but rather an issue (also presented in a nonequitable proceeding) of whether he has been served with notice of some action taken by the court after the case has begun. (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37 [152 P.2d 625] ; *Hogan* v. *Superior Court,* 74 Cal.App. 704 [241 P. 584] ; *Olivia* v. *Suglio,* 139 Cal.App.2d 7 [293 P.2d 63] ; *Jacks* v. *Baldez,* 97 Cal. 91 [31 P. 899] ; *Thorson* v. *Western Dev. Corp.,* 251 Cal.App.2d 206 [59 Cal.Rptr. 299].)

It is possible from the context in which the language of prior decisions relied on by appellant has been used that the language is not applicable to any situation in which original jurisdiction of the court over the cause is dependent upon personal service. (See for example *Estate of Estrem, supra*, 16 Cal.2d 563, 572, where language similar to that quoted is said to be applicable "when the facts establishing such jurisdiction were found by the court in the original proceedings, and all adverse parties were properly served with notice and had the opportunity to present their objections.") We need not decide that point, however, for it is clear from *Bennett* v. *Hibernia Bank, supra,* that whatever may be the scope of the quoted rule in motions at law, it is inapplicable to proceedings in the nature of equity such as that in the case at bench.

### Extrinsic Evidence

Appellants assert that the trial court was in error in admitting extrinsic evidence that respondent was not in fact served with process in the action. They contend that: (1) the default judgment here is not void on its face; (2) a motion to set aside such a judgment not made within one year of the judgment or upon the basis of extrinsic fraud or mistake is a collateral attack on the judgment which must be determined without regard to evidence extrinsic to the judgment roll; and (3) the trial court by reason of the ground stated in respondent's notice of motion to set aside the default and judgment was precluded from considering the subject motion as one grounded on extrinsic fraud or mistake.[4]

 The reasoning which has led us to conclude that the trial court properly treated the motion in the case at bench as one constituting an equitable proceeding to set aside a default judgment and that it was timely filed impels us to reject appellants' argument that extrinsic evidence was erroneously admitted to prove lack of service on respondent. That argument is bottomed on the proposition that such evidence is not admissible in a collateral attack on a judgment. An equitable action to set aside a default judgment is, however, a direct attack as appellants themselves concede. (See *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540 [305 P.2d 20] ; *People* ex rel.

---

[4]Appellants do not assert as a basis of this appeal that the record in the trial court fails to support a finding of a meritorious defense to the action. (See *Bailey* v. *Roberts,* 271 Cal.App.2d 282 [76 Cal.Rptr. 572].) We, therefore, do not consider that point.

*Public Utilities Com.* v. *Ryerson,* 241 Cal.App.2d 115 [50 Cal. Rptr. 246].)

The order setting aside the default and default judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.