[Civ. No. 30013. Fourth Dist., Div. Three. Feb. 29, 1984.]

In re the Marriage of MARYDARLENE and
EDWIN JAMES RHOADES, JR.
MARYDARLENE RHOADES, Respondent, v.
EDWIN JAMES RHOADES, JR., Appellant.

**COUNSEL**

Robert V. Cohune for Appellant.

Gayle R. Posner for Respondent.

**OPINION**

**CROSBY, J.**—Wife obtained an interlocutory judgment of dissolution of marriage by default. Husband moved to set aside the judgment under Code of Civil Procedure section 473 based on his attorney's failure to properly represent him and to change venue of the dissolution proceedings from Orange to Plumas County. The court denied the motion to set aside the default judgment and determined the motion to change venue was thus moot.

I

Marydarlene Rhoades left her husband, Edwin James Rhoades, Jr., on October 6, 1981. She moved with the couple's then eight-year-old daughter from the family home in Plumas County to Orange County. On November 4, 1981, after a noticed hearing in Orange County attended by both parties without counsel, the court ordered husband not to contact his wife or daughter for 90 days and to pay temporary child support of $150 per month.

On November 30, 1981, wife filed a petition for legal separation. The summons and petition were personally served on husband on December 11, 1981. He retained an attorney on December 17, 1981, but did not respond to the petition. On January 12, 1982, after wife met the three-month residency requirement (Code Civ. Proc., § 395, subd. (a)), she amended the petition to seek dissolution of the marriage. A copy of the amended petition was simply mailed to husband; wife conceded there was no attempt at personal service.[1]

Wife's attorney mailed husband a request to enter default on January 20, 1982, but did not file the request until February 24, 1982. The interlocutory judgment of *dissolution of marriage* was filed March 17, 1982, after a default hearing. It provided for continuation of restraining orders against the husband, sale of the family residence, and spousal and child support. The interlocutory judgment also contained the following provision: "Respondent is to have no visitation with the minor child until such time as he seeks and completes counseling regarding physical and mental abuse. The court shall retain jurisdiction of this matter." Husband was personally served with the interlocutory judgment.

He retained present counsel, who moved to set aside the default judgment under Code of Civil Procedure section 473 and change venue of the case from Orange to Plumas County. In a written declaration in support of the motions, husband stated he was unable to contact wife after she moved to Orange County, but retained a Plumas County attorney on December 17, 1981, who assured him everything was taken care of and "there was nothing [husband] should do in relation to these proceedings." The declaration added the attorney subsequently admitted his failure to do anything on husband's behalf.

In her opposing declaration, wife admitted communication with her husband after her move to Orange County was "primarily through my attorney." Wife's attorney also submitted a declaration in opposition to husband's motions and, rather remarkably, admitted numerous telephone and mail contacts with husband from December 31, 1981, through mid-May 1982. She conceded husband inquired on several occasions whether his attorney was in touch with her. During this time she also worked with husband to sell the family home. Nevertheless, she did not advise husband during any of these contacts of the default or its consequences and made no effort to contact husband's attorney or even obtain his name. Wife's pre-

---

[1]It does not appear a summons on the amended petition was ever issued. Although wife maintains the amended petition was mailed to husband on or soon after January 12, 1982, the only proof of service in the record reveals just the amended petition, without a summons or notice and acknowledgment of receipt, was served by mail on February 2, 1982.

vious counsel disingenuously concluded her declaration, "Respondent had knowledge that he was not being properly represented and yet failed to act in a timely and prudent manner." Counsel on appeal echoes these senti- ments.

The court denied husband's motion to set aside the default, noting he failed to prove he actually retained an attorney or the attorney's actions were excusable. The court implied a declaration from the former attorney was necessary to corroborate husband's otherwise uncontested declaration to that effect. It also observed, incorrectly, husband could simply petition for a change in the visitation order and thus was not prejudiced by the denial of visitation rights. (See *In re Marriage of Carney* (1979) 24 Cal.3d 725 [157 Cal.Rptr. 383, 598 P.2d 36, 3 A.L.R.4th 1028] [showing of substantial change of circumstances required].)

Husband claims the court's refusal to set aside the default judgment was an abuse of discretion. He relies in part on the attorney's *subsequent* discipline by the State Bar for failing to represent him in this matter.

## II

A default judgment in a dissolution case will be set aside "on a very slight showing . . . ." (*Sanchez* v. *Sanchez* (1969) 273 Cal.App.2d 159, 164 [77 Cal.Rptr. 884].) We agree with husband that the evidence in this case requires the interlocutory judgment of dissolution be set aside. There are three separate, although related, reasons.

First, the record discloses the default was improperly obtained. Wife's attorney requested husband's default, scheduled a default hearing, and then entered the default judgment of *dissolution of marriage,* even though husband had been properly served only with the original petition for legal separation. Where a defendant has not yet appeared in an action, an original complaint is not "validly amended [if] the purported amendments [are] not served in the manner provided for service of summons." (*Engebretson & Co.* v. *Harrison* (1981) 125 Cal.App.3d 436, 444 [178 Cal.Rptr. 77].) Here, there is no doubt wife failed to properly serve husband with the amended petition seeking dissolution. Thus the default judgment granting dissolution, relief not requested in the original petition for legal separation, must be set aside. (*Ibid.,* Code Civ. Proc., § 580.)

Second, husband's former attorney actively betrayed his cause, both on the uncontroverted record below and now as buttressed by the new evidence we have been provided on appeal. As we previously advised the parties, we treat husband's request to augment the record as an application to produce

additional evidence on appeal pursuant to California Rules of Court, rule 23(b). Wife objects to the reception of the documentary evidence submitted by husband, copies of his former attorney's stipulation in the State Bar Court that he failed to represent husband and made false assurances to him to hide the fact. She argues it is cumulative (which implies she concedes the evidence below was sufficient to prove the fact) and also argues husband fails to explain why he presented no similar declaration to the trial court. In keeping with the equitable nature of dissolution proceedings and in the interests of justice, we admit the evidence to the record on appeal. (Cal. Rules of Court, rule 23(b); see also *In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273 [180 Cal.Rptr. 234].) The attorney retained by the husband confesses he not only failed to represent him, but lied to conceal his inactivity. It is understandable this admission would have been difficult or impossible to obtain outside the pressure of a disciplinary proceeding and within the short amount of time available to husband. Under these circumstances the attorney's malfeasance should not be imputed to the client, especially since an innocent child's rights are at stake. The father-daughter relationship may be in jeopardy wholly without cause.

Finally, we find wife's attorney took unfair advantage of husband. She admittedly had numerous contacts with husband, interjected herself as a mediator and counselor in the dissolution proceedings and, though informed he had retained counsel and aware there was no response to the petition, still made no effort to contact the opposing attorney or advise husband of the default or its consequences. We cannot overlook her actions in so manipulating the proceedings to husband's disadvantage.

The order denying husband's motion to set aside the default judgment is reversed and the case is remanded with directions to grant the motion.[2] Husband shall recover his costs on appeal.

Trotter, P. J., and Wallin, J., concurred.

---

[2]Husband does not urge error in denial of the motion for change of venue. The issue is deemed waived on appeal. (*Henderson* v. *Security Nat. Bank* (1977) 72 Cal.App.3d 764 [140 Cal.Rptr. 388].)